IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-10264-cgb |
| | § | |
| RIC (AUSTIN), LLC, | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | SUBCHAPTER V |

**PANACHE DEVELOPMENT AND CONSTRUCTION, INC. AND
VESTA TEXAS, LLC'S JOINT LIMITED OBJECTION TO DEBTOR'S
MOTION TO ESTABLISH PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF ESTATE PROFESSIONALS**

TO THE HONORABLE CHRISTOPHER G. BRADLEY,
UNITED STATES BANKRUPTCY JUDGE:

Panache Development and Construction, Inc. ("Panache") and Vesta Texas, LLC ("Vesta Texas" and together with Panache, "Objecting Parties")[1] file *Joint Limited Objection to Debtor's Motion to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Estate Professionals* ("Limited Objection"), and in support respectfully state as follows:

### I. BACKGROUND

1. On March 12, 2024, Panache filed its *Involuntary Petition Against a Non-Individual* (Dkt. No. 1) against RIC (Austin), LLC ("Debtor"), commencing the above-captioned involuntary bankruptcy case.

2. On April 3, 2024, Panache filed an amended involuntary petition (Dkt. No. 5).

3. On April 29, 2024, the Debtor filed its *Answer to Involuntary Petition* (Dkt. No. 13), and its *Motion to Convert Chapter 7 Case to Chapter 11* (Dkt. No. 14).

---

[1] Capitalized terms not otherwise defined in this Limited Objection shall have the meaning ascribed to such terms in the Motion.

**JOINT OBJECTION TO MOTION TO ESTABLISH
PROCEDURES FOR INTERIM COMPENSATION** Page 1

4. On September 9, 2024, the Court entered the *Agreed Order for Relief Under Subchapter V of Chapter 11 of Title 11 of the United States Code* (Dkt. No. 28), granting relief against the Debtor under Chapter 11, Subchapter V of the United States Bankruptcy Code ("Bankruptcy Code" or "Code").

5. On October 9, 2024, the Debor filed its *Debtor's Motion to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Estate Professional* (Dkt. No. 61) (the "Motion"), seeking the entry of an order approving procedures that would allow estate professionals to be awarded interim compensation, based upon certain Interim Compensation Procedures set forth in the Motion and proposed order.

6. The Objecting Parties do not object to the entry of an order establishing procedures for interim compensation in this case, provided that such order allows for review of the services provided by estate professionals and of the value of such services to the estate and is otherwise consistent with the purpose and intent of section 331. *See In re Evangeline Refin. Co.*, 890 F.2d 1312, 1321 (5th Cir. 1989) ("The purpose of interim compensation [under § 331] is to alleviate economic hardships that would otherwise visit [professionals] committed to finance extended engagements.") (citation omitted).

7. However, the Objecting Parties object to the incongruence of the relative burden the proposed procedures would place on a Professional seeking interim compensation versus the burden placed upon any objecting party. Under the Debtor's proposed procedures, a Professional would have to provide virtually no meaningful information by which the Professional's services could be evaluated. The proposed Fee Summary provisions state:

> After any period for which a Professional wishes to receive interim reimbursement, which period shall in no event be shorter than thirty (30) days (a "Fee Period"), a Professional may file and serve a summary, *consisting of a brief statement as to the fees and costs incurred* (the "Fee Summary") during the Fee Period to the Service

>Parties. The Service Parties will have ten (10) days after their receipt to review the Fee Summary.

*See* Motion at 3 (emphasis added). Service parties would then have 10 days to review and object to the Fee Summary, and if no timely objection is served, the Debtor would be authorized to pay 80% of the fees and 100% of the expenses requested in the Fee Summary. *Id.* at 3-4.

8. Allowing compensation simply based on a "Fee Summary" consisting of a "brief statement" is insufficient per Rule 2016(a) and L. Rule 2016(a)(2). Without a more fulsome disclosure of services rendered by category that reflects a description of each service entry, the amount of time spent rendering such service, the date of performing such service, the applicable timekeeper, and that person's hourly rate, it is impossible to evaluate whether the Professional's services were "actual" and "necessary" as contemplated by section 330(a) of the Bankruptcy Code.

9. In contrast, if a party in interest wanted to object to an interim fee request under the proposed procedures, they would be subject to the impossible task of filing and serving a "Notice of Objection to Fee Summary" that requires "a statement setting forth *the precise nature of the objection and the amounts at issue*," when given only a "brief statement as to the fees and costs incurred." *Id*. at 4. The Objecting Parties therefore request that the Court require any request for interim compensation to include the information required by Bankruptcy Rule 2016(a) and L. Rule 2016(a)(2), so that the Court and other parties in interest can determine whether any request for interim compensation meets the "actual and necessary" standard under section 330(a) of the Bankruptcy Code; *see also* 11 U.S.C. § 331 (allowing for interim compensation "as is provided under section 330" of the Code).

10. The Objecting Parties also object to the Motion to the extent that the procedures regarding Interim Fee Applications would allow Professionals to circumvent the provisions of

Bankruptcy Rule 2016(a) and L. Rule 2016(a). Regarding Interim Fee Applications, the Motion and accompanying proposed order state:

> Each Professional must attach to its Interim Fee Application detailed time entries and expense itemizations, although such time entries and itemizations may be redacted as appropriate to protect confidential or proprietary information or to prevent against disclosure of information subject to any applicable privilege.

*See* Motion at 4; Proposed Order (Dkt. No. 61-1) at 3.

11. The Objecting Parties request that any order approving interim compensation procedures in this case clarify that all Interim Fee Applications must contain the documentation and other information set forth in Bankruptcy Rule 2016(a) (requiring "a detailed statement of (1) the services rendered, the time expended and expenses incurred, and (2) the amounts requested"); and L. Rule 2016(a) (requiring "[a] Compensation Support Exhibit reflecting contemporaneous time records itemizing services rendered by category, in a format which reflects a description of each service entry, the amount of time spent rendering that service, the date the service was performed, who performed that service, and the hourly rate of the person performing that service").

12. Finally, the Objecting Parties reserve the right to object to any redactions made by a Professional to time entries or other information provided in any Fee Summary or fee application. Parties need sufficient information to evaluate whether any request for compensation meets the "actual, necessary" standard set forth in section 330(a)(1) of the Bankruptcy Code, or whether such services are unnecessarily duplicative, not reasonably likely to benefit the Debtor's estate, or not necessary to the administration of this case and therefore not allowable under section 330(a)(4).

WHEREFORE, the Objecting Parties pray that the Bankruptcy Court deny the Application; or, in the alternative, condition any and all requests for interim compensation upon providing the information supporting such request set for in Bankruptcy Code sections 330 and 331; Bankruptcy Rule 2016(a); and L. Rule 2016(a)(2).

Dated: October 29, 2024

Respectfully submitted,

**KELL C. MERCER, P.C.**

By: /s/ *Kell C. Mercer*
    Kell C. Mercer
    State Bar No. 24007668
    901 S. Mopac Expy Bldg 1 Ste 300
    Austin, Texas 78746
    (512) 627-3512
    Email: kell.mercer@mercer-law-pc.com

**COUNSEL FOR PANACHE DEVELOPMENT AND CONSTRUCTION, INC.**

-and-

**ROSS, SMITH & BINFORD, PC**

By: /s/ *J. Casey Roy*
    J. Casey Roy
    State Bar No. 00791578
    2901 Via Fortuna
    Bldg. 6, Suite 450
    Austin, TX 78746
    Telephone: 512-798-3298
    Facsimile: 214-377-9409
    Email: casey.roy@rsbfirm.com

**COUNSEL FOR VESTA TEXAS, LLC**

## **CERTIFICATE OF SERVICE**

  I certify that on October 29, 2024, a true and correct copy of the foregoing document was served via the Court's CM/ECF notification system to all parties registered to receive notices through such system; and via U.S. First-Class mail to the parties listed below.

                /s/ *Kell C. Mercer*
                Kell C. Mercer

RIC (Austin), LLC
c/o Jay H. Ong
c/o Thomas D. Berghman
1717 West 6th Street, Suite 250
Austin, Texas 78703

Eric Terry
Subchapter V Trustee
Eric Terry Law, PLLC
3511 Broadway
San Antonio, TX 78209

Shane P. Tobin
Trial Attorney
Office of U.S. Trustee
903 San Jacinto Blvd. #230
Austin, Texas 78701

Daniel H. Byrne
c/o Fritz Byrne, PLLC
402 West Seventh Street
Austin, Texas 78701

B. Russell Horton
George Brothers Kincaid & Horton LLP
111 West Seventh Street, Suite 1100
Austin, Texas 78701

Jason A. Starks
Assistant Travis County Attorney
P.O. Box 1748
Austin, Texas 78767