**The relief described hereinbelow is SO ORDERED.**

**Signed November 13, 2024.**

_____
**CHRISTOPHER G. BRADLEY
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 24-10264-cgb |
| RIC (AUSTIN), LLC | § § | Chapter 11 Subchapter V |
| Debtor. | § | |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Upon the Motion[1] of the above-captioned Debtor and Debtor-in-Possession for the entry of an order establishing interim compensation and expense reimbursement procedures for Professionals as stated in the Motion; and the Court having reviewed the Motion and heard the statements in support of the relief requested therein at a hearing before the Court, if any (the "Hearing"); and the Court having jurisdiction over the Motion under 28 U.S.C. § 1334; and the Court having found that this is a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

- 1 -

district are proper under 28 U.S.C. § 1408 and 1409; and the Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's Estate, its creditors, and other parties in interest; and the Court having determined that the legal and factual bases stated in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore; and for the reasons stated on the record by the Court at the Hearing, it is HEREBY ORDERED THAT:

1. All Professionals in these cases may seek compensation in accordance with the following procedures (the "<u>Interim Compensation Procedures</u>"):

    (a) After any period for which a Professional wishes to receive interim reimbursement, which period shall in no event be shorter than thirty (30) days (a "<u>Fee Period</u>"), a Professional may file and serve a summary, consisting of a brief statement as to the fees and costs incurred (the "<u>Fee Summary</u>") during the Fee Period to the Service Parties, with: (i) detailed time entries itemized by project billing service categories, identifying the services provided, the professional providing the services, and the hourly rate of such professional in the case of attorneys; or (ii) itemized billing statements for all non-attorney professionals. The Service Parties will have ten (10) days after their receipt to review the Fee Summary. At the expiration of the ten (10) day period, if no objection (as described below) is made to the Fee Summary, the Professional may notify the Debtor in writing that no objections have been filed with regard to the Fee Summary. Upon actual receipt of such notice, the Debtor shall be authorized to pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Professional's Fee Summary.

    (b) The Debtor shall be deemed to have received actual notice from a Professional for authorization to pay fees and expenses if the Professional sends, by first claim mail or electronic mail, the notification that no objections have been made to the Fee Summary to the following attention:

    RIC (Austin), LLC
    c/o Gregory S. Milligan, CRO
    8911 N. Capital of Texas Highway, Ste. 2120
    Austin, TX 78759
    E-mail: gmilligan@harneypartners.com

(c) If any party has an objection to the compensation or reimbursement of expenses sought in a Fee Summary, it shall, within ten (10) days of the receipt of the Fee Summary, file and serve a "Notice of Objection to Fee Summary" with a statement setting forth the nature of the objection with specificity and the amounts at issue. Thereafter, the objecting party(ies) and the Professional whose Fee Summary is objected to shall confer and attempt to reach an agreement regarding the correct payment to be made. If the parties are unable to reach an agreement on the objection(s) within ten (10) days after receipt of such objection(s), the Professional whose Fee Summary is objected to may (i) file a request for payment of the disputed amount with the Court, or (ii) forego payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider and dispose of the objection(s) if payment of the disputed amount is requested. The Debtor shall be authorized to pay any portion of the requested fees and disbursements that are not the subject of a Notice of Objection to Fee Summary.

(d) For each four-month interval following the Petition Date (each, an "Interim Fee Period"), each of the Professionals that filed and served a Fee Summary during the Interim Fee Period shall file with the Court an application (an "Interim Fee Application") for interim Court approval and allowance, under sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Fee Summaries filed and served during the Interim Fee Period. Except as may otherwise be ordered by this Court in connection with its authorization for the engagement of a particular professional, each Professional must attach to its Interim Fee Application detailed time entries and expense itemizations, although such time entries and itemizations may be redacted as appropriate to protect confidential or proprietary information or to prevent against disclosure of information subject to any applicable privilege. Each Professional shall file its Interim Fee Application no later than thirty (30) days after the end of the Interim Fee Period. All parties-in-interest retain their rights to object to the appropriateness of any redaction.

(e) Any Professional who files a Fee Summary and receives interim compensation but fails to timely file an Interim Fee Application within thirty (30) days after an Interim Fee Period (i) shall be ineligible to receive further interim payments of fees or reimbursement of expenses as provided herein until further order of the Court, and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

(f) Upon allowance of the Court of a Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Professional all allowed requested fees and expenses not previously paid.

2. Unless otherwise ordered by the Court, the pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to

a particular Fee Summary shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

3. Neither (i) the payment of nor the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Interim Compensation Procedures, nor (ii) the filing of or failure to file an Objection shall bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of the Professionals. All fees and expenses paid to the Professionals under the Interim Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

4. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

6. All notices given in accordance with the Interim Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

7. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

###

Prepared by:

Thomas D. Berghman
Texas Bar No. 24082683
Munsch Hardt Kopf & Harr, P.C.
1717 W. 6th St., Ste. 250
Austin, Texas 78703
tberghman@munsch.com

*Proposed Counsel for the Debtor
and Debtor-in-Possession*