IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-10264-cgb |
| **RIC (AUSTIN), LLC** | § | |
| | § | Chapter 11 Subchapter V |
| Debtor. | § | |

**FIRST INTERIM FEE APPLICATION SUMMARY**

**I.  CLIENT**

RIC (Austin), LLC (the "Debtor")

**II.  REQUESTING FIRM**

Munsch Hardt Kopf & Harr, P.C., general bankruptcy counsel to the Debtor

**III.  TOTAL AMOUNT OF FEES REQUESTED**

a. Fees: $371,714.00
b. Expenses: $11,025.35
c. Pre-petition retainer, if any: $150,000.00
d. Time period covered: September 6, 2024, through and including January 31, 2025
e. Voluntary Reductions:
   i. BNC[1]:  $13,336.00
   ii. Internal Write-Off:  $34,866.00
   iii. Total:  $48,202.00

**IV.  BREAKOUT OF CURRENT APPLICATION**

| Timekeeper | Total Hours | Rate | Total Amount |
|---|---|---|---|
| James Ray | 37.1 | $605 | $ 22,445.50 |
| James Ray | 5.6 | $505 | $ 2,828.00 |
| Jay Ong | 119.7 | $750 | $ 89,775.00 |
| Jay Ong | 43.0 | $650 | $ 27,950.00 |
| Mark A. Kopidlandsky | 0.7 | $650 | $ 455.00 |
| Thomas D. Berghman | 108.1 | $700 | $ 75,670.00 |
| Thomas D. Berghman | 20.4 | $600 | $ 12,240.00 |
| Walter P. Whitcomb | 0.7 | $775 | $ 542.50 |
| Walter A. Buchanan | 53.1 | $750 | $ 39,825.00 |

---

[1]  Time billed with no corresponding amount charged.

| Timekeeper | Total Hours | Rate | Total Amount |
|---|---|---|---|
| Walter A. Buchanan | 16.1 | $690 | $ 11,109.00 |
| Robert A. Rhodes | 3.2 | $440 | $ 1,408.00 |
| Ron H. Burnovski | 5.7 | $440 | $ 2,508.00 |
| Beverly A. Bass | 14.9 | $440 | $ 6,556.00 |
| Beverly A. Bass | 31.1 | $380 | $ 11,818.00 |
| Jacob J. King | 46.5 | $400 | $ 18,600.00 |
| Jacob J. King | 15.9 | $360 | $ 5,724.00 |
| Jonathan S. Petree | 45.8 | $475 | $ 21,755.00 |
| Jonathan S. Petree | 41.6 | $425 | $ 17,680.00 |
| Heather J. Valentine | 11.5 | $235 | $ 2,702.50 |
| Heather J. Valentine | 0.3 | $215 | $ 64.50 |
| Deborah K. Bradshaw | 0.2 | $290 | $ 58.00 |
| **TOTAL** | **621.2** | | **$ 371,714.00** |

| Expenses | Amount |
|---|---|
| Westlaw Research | $1,521.41 |
| Postage | $150.41 |
| PACER Research | $3.60 |
| Mailings | $5,491.49 |
| Parking/Cab/Mileage | $3.75 |
| Filing Fees | $6.40 |
| Courier Service | $55.61 |
| Software, Hardware, & Support/Maintenance Agreements | $3,435.08 |
| Subpoenas | $216.34 |
| Color Copies | $0.50 |
| Photocopies | $1.60 |
| Outside Copy Service | $135.81 |
| Other Research | $3.35 |
| **TOTAL** | **$11,025.35** |

AMOUNT ALLOCATED FOR PREPARATION OF THIS FEE APPLICATION: $0.00[2]

---

[2] Certain amounts allocated for preparation of this interim fee application have not been incurred during the time period applicable to this application and therefore are not encompassed or requested pursuant to this application but will be separately disclosed under a subsequent application for any requested payment thereof. Munsch Hardt reserves all rights with respect to same.

**V.      PRIOR APPLICATIONS**

Munsch Hardt has not filed any previous fee applications in the Bankruptcy Case.

**VI.     OTHER CO-EQUAL OR ADMINISTRATIVE CLAIMANTS IN THIS CASE**

Other administrative expense priority claims include fees to the Subchapter V Trustee, the Debtor's financial consultant (HMP Advisory Holdings, LLC) and corresponding Chief Restructuring Officer, and certain ordinary course professionals (*see* Docket No. 81). Munsch Hardt is not aware of other administrative expense priority claims in this Bankruptcy Case. Allowance of this application is not anticipated to result in the Debtor's estate being unable to pay all co-equal or superior administrative claims in the Bankruptcy Case.

**VII.    RESULTS OBTAINED**

Task 01 - General Case Administration / Bankruptcy Advice (73.11 hours - $40,287.16). Under this project billing task code, Munsch Hardt's services included: global case strategy conferences and correspondence with the Debtor's management team; correspondence with courtroom personnel, the Subchapter V trustee, and other parties-in-interest in the Bankruptcy Case; ensuring that the Debtor was sufficiently apprised of its rights, remedies, and obligations in the context of an involuntary bankruptcy; negotiating with petitioning creditors to an agreed conversion of the bankruptcy case to Chapter 11, Subchapter V; researching client-specific issues to ensure smooth transition into Chapter 11, Subchapter V, bankruptcy; and attention to and provision of counsel regarding various debtor-in-possession obligations and deadlines in the Bankruptcy Case. This project area also includes advice and counsel provided to the Debtor that does not generally fall within the scope of another task code.

These were actual and necessary services as they enabled the Debtor to transition into Chapter 11, Subchapter V, bankruptcy as well as marshal, account for, and understand the estate and its assets, and to commence and then manage the process of administering its duties as the Debtor-in-Possession in this Bankruptcy Case.

Task 02 – Cash Collateral / Postpetition Financing (203.20 hours - $132,949.00). Under this project billing task code, Munsch Hardt investigated, inspected, and evaluated the Debtor's liquidity needs and available credit facilities; assessed prepetition credit facilities and prepetition liens and other encumbrances; negotiated the terms of prospective debtor-in-possession ("DIP") financing arrangements; drafted a DIP Financing and Cash Collateral Motion, proposed order, and DIP financing Credit Agreement; substantial revision and negotiations with counsel in connection with postpetition financing and cash collateral documents; and the execution, filing, and service of multiple subsequent cash collateral stipulations.

Task 03 – First Day Matters (39.40 hours - $18,538.50). Under this task code, Munsch Hardt worked on customary "first-day matters," including the investigation, preparation, filing, and service of the Debtor's creditor matrix; collecting data, retrieving documents, communication with Debtor's management, and related diligence in connection with the

Debtor's first-day motions; and preparing, filing, and serving witness and exhibit lists and notices of hearing in connection with same, as appropriate. Each of these matters was necessary and beneficial to the estate and allowed for the Debtor's transition into Chapter 11, Subchapter V, bankruptcy.

Task 04 – Schedules, SOFA, 341 Meeting and US Trustee Communications (42.70 hours - $22,652.50). Under this task code, Munsch Hardt communicated with the U.S. Trustee regarding case matters and action items; coordinated DIP account administration and schedules and statement of financial affairs diligence with the Debtor's management team and other estate professionals; drafted, finalized, filed, and served the Debtor's schedules and statements of financial affairs; prepared for and represented the Debtor at the Initial Debtor Interview; conferred with the Debtor's management team, estate professionals, creditors, parties in interest, and the U.S. Trustee regarding the section 341 meeting of creditors; attended to other miscellaneous communications with the U.S. Trustee; and resolved the Debtor's periodic operating reports, including collecting data in connection therewith, and preparing, filing, and serving, the Debtor's monthly operating reports.

Task 05 - Employment and Fee Applications (145.49 hours - $79,526.84). Under this task code, Munsch Hardt performed work in connection with the employment and compensation of estate professionals. These services consisted of negotiating the terms of Munsch Hardt's, Gregory S. Milligan's, Harney Partners', and other estate professionals' engagements; preparing, filing and serving related applications to retain estate professionals; preparing, filing, serving, and obtaining Court authority to establish procedures for the interim compensation of estate professionals; assessing objections to retention applications, attending to preparing and filing supplemental declarations, preparing for hearings on same, and resolving related disputes with creditors and parties-in-interest; and preparing, filing, and serving fee summaries for estate professionals. These were actual and necessary services that benefited the Debtor, its estate, creditors, and parties-in-interest as they enabled the Debtor to have capable professionals assist it in this Bankruptcy Case and provide for the timely administration of administrative expense priority claims. Compensation for such services is specifically provided for in section 330 of the Bankruptcy Code.

Task 06 - Automatic Stay and Adequate Protection (0.10 hours - $65.00). Under this task code, Munsch Hardt performed work related to enforcement of the automatic stay under 11. U.S.C. § 362 to protect and preserve assets of the Debtor and its estate. These services included, without limitation, fact gathering and strategy correspondences with the Debtor's management team, as well as correspondences with third parties regarding agreement for relief from the automatic stay. These were actual and necessary services required to protect estate assets. These services were beneficial to the Debtor, its estate, creditors, and parties-in-interest because vital estate assets have been protected as a result and because significant additional risk and expense litigating the underlying issues were avoided.

Task 07 – Plan and Disclosure Statement (37.40 hours - $23,347.50). Under this task code, Munsch Hardt's work related to the formulation, drafting and filing of the Debtor's plan and related documents; discussing liquidation analysis and plan issues and terms with the Debtor, its professionals, and parties-in-interest; meeting with the Debtor (both

telephonically and via Zoom) regarding the plan; reviewing and analyzing formal and informal objections to the plan; negotiations with creditors and parties-in-interest, negotiations with parties-in-interest and coordination with the Court to establish an amended schedule for plan filing, solicitation, and confirmation hearing.

Task 08 - Claims Administration / Objections (17.00 hours - $8,040.00). Under this task code, Munsch Hardt reviewed and analyzed filed proofs of claims and interests; attended to various issues related to claims against the Estate; and conducted strategy conferences with the Debtor's management team and estate professionals regarding claims against the estate, including issues related to late filed claims.

Task 09 - Other Contested Matters (0.80 hours - $456.00). Under this task code, Munsch Hardt assessed the Plaintiffs' Original Complaint for Declaratory Relief and Combined Claim Objection filed in Adversary Proceeding No. 24-01061-cgb and composed correspondences with the Debtor's estate professionals regarding same to the extent that such matters relate to the Debtor's main bankruptcy case.

Task 10 - Communication with Creditors (1.30 hours - $750.00). Under this task code, Munsch Hardt primarily handled on behalf of the Debtor correspondence and coordination with creditors regarding their claims and interests, including but not limited the claims of certain vendors of the Debtor.

Task 11 – Sales (0.20 hours - $75.00). Under this task code, Munsch Hardt assisted the Debtor with assessing inquiries for potential sale of estate assets.

Task 12 – Adversary Proceedings / Litigation (10.80 hours - $7,310.50). Under this task code, Munsch Hardt attended to numerous issues related to Adversary Proceeding No. 24-01061-cgb, including review of and correspondences regarding Plaintiffs' Original Complaint for Declaratory Relief and Combined Claim Objection; consideration of Debtor's potential interests implicated in connection with same; as well as correspondences with the Debtor's management team, estate professionals, creditors, and parties-in-interest regarding same.

Task 14 – Corporate Governance (3.20 hours - $2,297.50). Under this task code, Munsch Hardt investigated, addressed and administered additional issues related to the Debtor's corporate governance and the appointment of Gregory S. Milligan as Chief Restructuring Officer; ensuring compliance with the Corporate Transparency Act and other disclosure rules; and conferences with the Debtor's professionals regarding same.

Task 15 – Tax Issues (3.40 hours - $2,355.00). Under this task code, Munsch Hardt collected data, researched issues, and assessed appraisals related to property taxes and corresponding claims, and section 505 of the Bankruptcy Code.

<u>Task 16 – CTRMA (55.20 hours - $33,063.50)</u>. Under this task code, Munsch Hardt provided professional counsel and representation of the Debtor in connection with the condemnation proceeding, cause no. C-1-CV-15-010397 filed by the Central Texas Regional Mobility Authority and the State of Texas, including review of pleadings, discovery, and expert materials; assessment of appraisals and correspondences regarding same; and correspondences with Debtor's management team, estate professionals, potential expert witnesses, and opposing counsel regarding settlement.

The foregoing services were actual and necessary services that assisted the Debtor in preserving, asserting and maximizing its property rights and interests, including for the benefit of the estate and its creditors, while further assisting the Debtor in performing its critical duties administering the estate and prosecuting its restructuring efforts in this Bankruptcy Case.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-10264-cgb |
| RIC (AUSTIN), LLC | § | |
| | § | Chapter 11 Subchapter V |
| Debtor. | § | |

**FIRST INTERIM APPLICATION OF
MUNSCH HARDT KOPF & HARR, P.C. FOR THE
ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES
AS ATTORNEYS FOR THE DEBTOR AND REQUEST FOR PAYMENT OF SAME**

> **This pleading requests relief that may be adverse to your interests.**
>
> **If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**
>
> **A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Western District of Texas, Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Boulevard, Suite 322, Austin, Texas 78701. If a timely response is filed, the Court will then set a hearing on the motion, and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the motion.**

TO THE HONORABLE CHRISTOPHER G. BRADLEY, U.S. BANKRUPTCY JUDGE:

COMES NOW Munsch Hardt Kopf & Harr, P.C. ("Munsch Hardt"), general bankruptcy counsel to RIC (Austin), LLC, (the "Debtor"), and files this its *First Interim Application of Munsch Hardt Kopf & Harr, P.C. for the Allowance of Fees and Reimbursement of Expenses as Attorneys for the Debtor and Request for Payment of Same* (the "Application"), respectfully stating as follows:

### I. SUMMARY OF RELIEF REQUESTED

1. By this (first) Application, Munsch Hardt requests the Court's allowance, on an interim basis, of the fees and expenses incurred in its role as attorneys for the Debtor for the period

of July 22, 2024, through and including January 31, 2025 (the "Interim Period"), as set forth fully on the invoice attached hereto as **Exhibit "A"** and incorporated herein by reference for all purposes. Munsch Hardt requests the interim allowance of fees incurred during the Interim Period in the amount of $371,714.00 (the "Requested Fees"), and the reimbursement of expenses incurred during the Interim Period in the amount of $11,025.35 (the "Requested Expenses"), with payment authorized and directed in full.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and the standing Western District of Texas Order of Reference of Bankruptcy Cases and Proceedings. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and a matter that arises exclusively under the provisions of the Bankruptcy Code, as to which the Court accordingly has the power consistent with the United States Constitution to enter a final order. The Debtor expressly consents to such a final disposition by this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016 of the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas (the "Local Rules").

## III. BACKGROUND

4. On March 12, 2024 (the "Petition Date"), Panache Development and Construction, Inc. ("Panache") filed its *Involuntary Petition under Chapter 7*, which Panache subsequently amended on April 3, 2024 (the "Involuntary Petition," at ECF No. 5).

5. On April 29, 2024, the Debtor filed its *Answer to Involuntary Petition* (the "Answer," at ECF No. 13), and also filed its *Motion to Convert Chapter 7 Case to Chapter 11* (the "Motion to Convert," at ECF No. 14).

6. On September 9, 2024 (the "Relief Date"), the Court entered its *Agreed Order for Relief under Subchapter V of Chapter 11 of Title 11 of the United States Code* (the "Order for Relief," at ECF No. 28), granting relief against the Debtor under Chapter 11, Subchapter V, of the Bankruptcy Code.

7. On October 7, 2024, the Debtor filed its *Application to Employ Munsch Hardt Kopf & Harr, P.C. as Attorneys for the Debtor as of April 2, 2024* [ECF No. 57], seeking to employ Munsch Hardt as its general counsel. On November 18, 2024, the Court entered its *Order Authorizing Debtor's Retention of Munsch Hardt Kopf & Harr, P.C. as Counsel to Debtor and Debtor-in-Possession* [ECF No. 89], whereby the Debtor was authorized to retain and employ Munsch Hardt as its counsel, effective as of April 2, 2024.

8. On November 13, 2024, the Court signed and entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses* (the "ICP Order," at ECF No. 83). Pursuant to the ICP Order, Munsch Hardt has filed four (4) fee summaries on the Service Parties during this interim period. *See Fee Summary of Munsch Hardt Kopf & Harr, P.C.* (the "First Fee Summary," at ECF No. 95); *Second Fee Summary Of Munsch Hardt Kopf & Harr, P.C.* (the "Second Fee Summary," at ECF No. 107); *Third Fee Summary of Munsch Hardt Kopf & Harr, P.C.* (the "Third Fee Summary," at ECF No. 128); and *Fourth Fee Summary of Munsch Hardt Kopf & Harr, P.C.* (the "Fourth Fee Summary," at ECF No. 135).[3]

---

[3] The First Fee Summary, Second Fee Summary, Third Fee Summary, and Fourth Fee Summary, and the exhibits thereto, are incorporated by reference for all purposes and as if fully set forth herein.

9. Pursuant to the First Fee Summary, covering the time period from July 22, 2024, through October 31, 2024, Munsch Hardt sought compensation in the amount of (i) $132,164.40 (80% of $165,205.50) on account of actual, reasonable and necessary professional services rendered to the Debtor by Munsch Hardt, and (ii) reimbursement of actual and necessary costs and expenses in the amount of $7,404.22[4] incurred on behalf of the Debtor. Munsch Hardt requested and received payment in the amount of $139,568.62 pursuant to the First Fee Summary and ICP Order.

10. Pursuant to the Second Fee Summary, covering the time period from November 1, 2024, through November 30, 2024, Munsch Hardt sought compensation in the amount of (i) $68,046.40 (80% of $85,058.00) on account of actual, reasonable and necessary professional services rendered to the Debtor by Munsch Hardt, and (ii) reimbursement of actual and necessary costs and expenses in the amount of $2,455.99 incurred on behalf of the Debtor. Munsch Hardt requested and received payment in the amount of $70,502.39 pursuant to the Second Fee Summary and ICP Order.

11. Pursuant to the Third Fee Summary, covering the time period from December 1, 2024, through December 31, 2024, Munsch Hardt sought compensation in the amount of (i) $37,335.60 (80% of $46,669.50) on account of actual, reasonable and necessary professional services rendered to the Debtor by Munsch Hardt, and (ii) reimbursement of actual and necessary costs and expenses in the amount of $1,822.71 incurred on behalf of the Debtor. Munsch Hardt has not received payment pursuant to the Third Fee Summary and ICP Order.

---

[4] Of the $7,404.22 in expenses, $2,136.18 were incurred prior to the September 6, 2024 Petition Date, were approved for payment pursuant to the Order Authorizing Debtor's Retention of Munsch Hardt Kopf & Harr, P.C. as Counsel to Debtor and Debtor-in-Possession [ECF 89], and are not included in or made a part of this Application.

12. Pursuant to the Fourth Fee Summary, covering the time period from January 1, 2025, through January 31, 2025, Munsch Hardt sought compensation in the amount of (i) $59,824.80 (80% of $74,781.00) on account of actual, reasonable and necessary professional services rendered to the Debtor by Munsch Hardt, and (ii) reimbursement of actual and necessary costs and expenses in the amount of $1,478.61 incurred on behalf of the Debtor. Munsch Hardt has not received payment pursuant to the Fourth Fee Summary and ICP Order.

13. No objections were filed in response to the fee summaries, nor were any objections raised informally with the undersigned counsel. As of the date of this Application, Munsch Hardt has been paid $210,071.01 pursuant to the First and Second Fee Summaries and ICP Order and the current balance owing is $172,668.34.

## IV. BASIS FOR RELIEF REQUESTED

### A. STANDARD FOR ALLOWANCE OF FEES AND EXPENSES

14. Section 330(a) of the Bankruptcy Code provides:

> (1) After notice to the parties in interest and the United States Debtor and a hearing, and subject to sections 326, 328, and 329, the court may award to a . . . professional person employed under section 327 or 1103—
>
>> (A) reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
>>
>> (B) reimbursement for actual, necessary expenses. . . .
>
> (3) In determining the amount of reasonable compensation to be awarded . . . , the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
>> (A) the time spent on such services;
>>
>> (B) the rates charged for such services;
>>
>> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code];

> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; . . . and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

11 U.S.C. § 330(a). Section 331 of the Bankruptcy Code provides that the Court may award interim fees and expenses, subject to the filing of a final fee application at the appropriate time. *See* 11 U.S.C. § 331.

15. In evaluating the reasonableness of fees requested under section 330, bankruptcy courts use the lodestar method, computed by multiplying the number of hours reasonably spent on the work by the prevailing hourly rate and then adjusted upward or downward based on certain factors, including those contained in section 330(a)(3). *Asarco, L.L.C. v. Jordan Hyden Womble Culbreth & Holzer, P.C. (In re Asarco, L.L.C.)*, 751 F.3d 291, 295 (5th Cir. 2014) (citations omitted). The Fifth Circuit has held that "'if a fee applicant establishes that its services were "necessary to the administration" of a bankruptcy case or "reasonably likely to benefit" the bankruptcy estate "at the time at which [they were] rendered," then the services are compensable.'" *Edwards Family P'ship v. Johnson (In re Cmty. Home Fin. Servs.)*, 990 F.3d 422, 427 (5th Cir. 2021) (quoting *Barron & Newburger, P.C. v. Tex. Skyline, Ltd. (In re Woerner)*, 783 F.3d 266, 276 (5th Cir. 2015)).

16. Here, application of any of the Bankruptcy Code's or the Fifth Circuit's factors support the allowance of the Requested Fees and the Requested Expenses. As explained in detail above, and as listed in detail on **Exhibit "A,"** Munsch Hardt's Requested Fees and Requested Expenses:

- are reasonable based on the hourly rates charged in relation to the local market and in relation to the rates charged by comparable firms, as indicated by a blended rate under $600.00 per hour;

- are reasonable in light of no-charge and voluntary reductions in excess of $48,000.00;

- are reasonable based on the experience and hourly rate of the attorneys used, and given the level of complexity and breadth of issues involved in this case, there was no "overkill" in the utilization of skilled attorneys;

- are reasonable based on the allocation of work and staffing of the representation, and the avoidance of duplication and unnecessary services;

- are reasonable based on the results produced;

- are beneficial because they enabled the Debtor to comply with its duties;

- represent actual time spent by Munsch Hardt on the representation employing contemporaneous and detailed time entries in the process; and

- were incurred by persons skilled and experienced in their various fields of expertise and practice.

17. Therefore, based on the representations in this Application, **Exhibit "A"** hereto, the Court's own familiarity with the Bankruptcy Case and the proceedings therein, and on any evidence presented by Munsch Hardt at the hearing on this Application, Munsch Hardt believes that its Application, including its Requested Fees and Requested Expenses, should be fully allowed for prompt, interim payment by the Debtor.

B.     TIME SPENT ON SERVICES AND NATURE OF SERVICES RENDERED

18. Exhibit A hereto details the Requested Fees and Requested Expenses that are the subject of this Application. Pursuant to this Court's Local Rule 2016-1, a Fee Application Summary in the form of Appendix L-2016-1-a-2 is included hereinabove, and which provides a detailed summary of the invoice, divided by task code categories. The Fee Application Summary reflects the total cost of each category of services, summarizes the nature and purpose of each such category of services rendered, and addresses the results obtained to date.

#### C. INTERIM APPROVAL

19. Pursuant to section 331 of the Bankruptcy Code, this Court may award interim fees and expenses, subject to the filing of a final fee application at the appropriate time. Unless the Court orders otherwise, interim fee applications should be filed not more than once every 120 days. Here, Munsch Hardt has not filed any application within the prior 120 days. Munsch Hardt is requesting the payment of the balance of outstanding Requested Fees and Requested Expenses corresponding to this Interim Period in the sum of $172,668.34.

#### D. RATES CHARGED FOR SUCH SERVICES AND THEIR CUSTOMARY NATURE

20. Pursuant to Munsch Hardt's fee arrangement in the Retention Application, Munsch Hardt's Requested Fees have been determined on an hourly basis, utilizing the hourly rates customarily charged by Munsch Hardt to clients of the firm in other representations. Munsch Hardt's rates for this engagement ranged from $505 to $750 for shareholders and from $360 to $475 for associates.

#### E. REASONABLENESS OF FEES

21. Munsch Hardt submits that its experience and expertise serving as counsel to debtors, and virtually all other constituents in bankruptcy, in other cases of similar or larger size resulted in the efficient handling of tasks. Munsch Hardt further submits that its rates are lower than other law firms with comparable expertise in the region. The professional services rendered by Munsch Hardt described herein have been necessary and appropriate for the Debtor to smoothly transition into chapter 11 bankruptcy, to diligently fulfill its duties under the Bankruptcy Code and to prosecute its restructuring within the framework of the Bankruptcy Code. Compensation for such services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were performed expeditiously and

in an efficient manner, and without duplication of work. No prior application has been made in this or in any other court for the relief requested herein for the Interim Period.

F.     **NECESSARY AND BENEFICIAL NATURE OF SERVICES**

22.     Munsch Hardt submits that its efforts generally described above have been both necessary and beneficial to the Debtor, its estate, creditors, and parties-in-interest, as well as to the administration of the Bankruptcy Case, and would observe that no party has previously objected to any portion of its prior monthly Fee Summaries. Munsch Hardt worked closely with the Debtor's management team, other professionals, and parties-in-interest, and through these efforts obtained significant benefits for the Debtor and its estate.

G.     **REASONABLENESS OF TIME SPENT AND TIME CONSTRAINTS**

23.     Munsch Hardt spent only that time which it deemed necessary to accomplish the objectives of the Debtor and its estate in the Bankruptcy Case. At all times, Munsch Hardt has been mindful to reasonably minimize costs and avoid duplication of effort, and submits that its total request for compensation and reimbursement is a reflection of these efforts.

H.     **EXPENSES**

24.     Munsch Hardt has incurred $11,025.35 in Requested Expenses relating to the application period. These expenses are passed through to the Debtor "at cost" and consist of (i) postage for mailing pleadings and other documents as required under the Bankruptcy Code and Bankruptcy Rules; (ii) PACER charges and filing fees; (iii) Westlaw charges for legal research; (iv) software, hardware, and maintenance and support agreements; (v) parking and mileage expenses for attending hearings and client meetings; and (vi) production costs in relation to compliance with subpoena duces tecum. Munsch Hardt submits that the Requested Expenses are all reasonable and qualify for full reimbursement. A Reimbursement Support Exhibit as required by Local Rule 2016 is included herewith.

## V.     CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Munsch Hardt respectfully requests that the Court enter an order: (i) granting this Application; (ii) approving the Requested Fees and Requested Expenses on an interim basis, subject to final approval; (iii) authorizing and directing the Debtor to pay Munsch Hardt $172,668.34, representing the unpaid balance of Requested Fees and Requested Expenses on an interim basis; and (iv) granting Munsch Hardt such other and further relief as the Court may deem just and proper.

Dated: March 4, 2025                               **MUNSCH HARDT KOPF & HARR, P.C.**

                                                    By:    */s/ Thomas D. Berghman*
                                                          Thomas D. Berghman
                                                          Texas Bar No. 24082683
                                                          Jay H. Ong
                                                          Texas Bar No. 24028756
                                                          1717 West 6th Street, Suite 250
                                                          Austin, Texas 78703
                                                          Telephone: (512) 391-6100
                                                          Facsimile:  (512) 391-6149
                                                          E-mail:     tberghman@munsch.com
                                                                                      jong@munsch.com

                                                       ***Counsel for RIC (Austin), LLC***

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on March 4, 2025, a true and correct copy of the foregoing document and all exhibits attached thereto was served by electronically filing the same with the Court using the Court's CM/ECF system, which sent notification to the parties receiving same through such system, and on the parties shown on the attached service list, via first class U.S. Mail.[5]

                                                                 */s/ Thomas D. Berghman*
                                                                  Thomas D. Berghman

---

[5] To save photocopying and postage expenses, Munsch Hardt is not serving Exhibit "A" on all parties to this bankruptcy case receiving notice (only) by U.S. mail. Any party wishing to obtain a copy of said Exhibit "A" may obtain one free of charge by contacting the undersigned counsel.