IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| **RIC (AUSTIN), LLC** | § § | Case No. 24-10264-cgb |
| Debtor. | § § § | Chapter 11 Subchapter V |

**FIRST INTERIM FEE APPLICATION SUMMARY**

**I.　CLIENT**

　　RIC (Austin), LLC (the "Debtor")

**II.　REQUESTING FIRM**

　　Blackwell & Duncan, PLLC ("B&D"), as Special Tax Counsel for the Debtor

**III.　TOTAL AMOUNT OF FEES REQUESTED**

　　a. Fees: $1,948.25
　　b. Expenses: $463.40
　　c. Pre-petition retainer, if any:
　　d. Time period covered: November 1, 2024, through and including October 31, 2025
　　e. Voluntary Reductions: $0.00

**IV.　BREAKOUT OF CURRENT APPLICATION**

| Name | Capacity | Total Hours | Rate | Total |
|---|---|---|---|---|
| Melinda D. Blackwell | Partner | 1.8 | $415.00 | $747.00 |
| Rick L. Duncan | Partner | 0.4 | $415.00 | $166.00 |
| Laura M. Nickol | Legal Assistant | 2.85 | $205.00 | $584.25 |
| Ashley Creighton | Legal Assistant | 1.10 | $205.00 | $225.50 |
| Doreen L. Lungren | Legal Assistant | 1.10 | $205.00 | $225.50 |
| | | 7.25 | | $1,948.25 |

Minimum Fee Increment:　0.1

| | Expenses |
|---|---|
| Filing Fee | $463.40 |
| | $463.40 |

1

AMOUNT ALLOCATED FOR PREPARATION OF THIS FEE APPLICATION: $0.00[1]

### V. PRIOR APPLICATIONS

B&D has not filed any previous fee applications in this Bankruptcy Case.

### VI. OTHER CO-EQUAL OR ADMINISTRATIVE CLAIMANTS IN THIS CASE

Other administrative expense priority claims include fees to the Subchapter V Trustee, the Debtor's general bankruptcy counsel, the Debtor's financial consultant (HMP Advisory Holdings, LLC) and corresponding Chief Restructuring Officer, the Debtor's special entitlements counsel (Drenner Group), and certain ordinary course professionals (*see* Docket No. 81). B&D is not aware of other administrative expense priority claims in this Bankruptcy Case. Allowance of this application is not anticipated to result in the Debtor's estate being unable to pay all co-equal or superior administrative claims in the Bankruptcy Case.

### VII. RESULTS OBTAINED

B&D initiated a petition for review of certain of the Travis County Appraisal District's ("TCAD") assessments and determinations on behalf of the Debtor before the Travis County District Court, Case No. D-1-GN-24-008408. B&D continues to represent the Debtor in contesting the tax assessments in Travis County District Court.

---

[1] Certain amounts allocated for preparation of this interim fee application have not been incurred during the time period applicable to this application and therefore are not encompassed or requested pursuant to this application but will be separately disclosed under a subsequent application for any requested payment thereof. Munsch Hardt and B&D reserve all rights with respect to same.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-10264-cgb |
| RIC (AUSTIN), LLC | § | |
| | § | Chapter 11 Subchapter V |
| Debtor. | § | |

**FIRST INTERIM APPLICATION OF
BLACKWELL & DUNCAN, PLLC FOR THE ALLOWANCE OF FEES AND
REIMBURSEMENT OF EXPENSES AS SPECIAL TAX COUNSEL
FOR THE DEBTOR AND REQUEST FOR PAYMENT OF SAME**

> **This pleading requests relief that may be adverse to your interests.**
>
> **If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**
>
> **A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Western District of Texas, Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Boulevard, Suite 322, Austin, Texas 78701. If a timely response is filed, the Court will then set a hearing on the motion, and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the motion.**

TO THE HONORABLE CHRISTOPHER G. BRADLEY, U.S. BANKRUPTCY JUDGE:

COMES NOW Blackwell & Duncan, PLLC ("B&D"), and files this its *First Interim Application of Blackwell & Duncan, PLLC for the Allowance of Fees and Reimbursement of Special Tax Counsel for the Debtor and Request for Payment of Same* (the "Application"), respectfully stating as follows:

## I. SUMMARY OF RELIEF REQUESTED

1. By this (first) Application, B&D requests the Court's allowance, on an interim basis, of the fees and expenses incurred in its role as special tax counsel for the Debtor for the period of November 1, 2024, through and including October 31, 2025 (the "Interim Period"), as

set forth fully on the invoices attached hereto as **Exhibit "A"** and incorporated herein by reference for all purposes.[1] B&D requests the interim allowance of fees incurred during the Interim Period in the amount of $1,948.25 (the "Requested Fees"), and the reimbursement of expenses incurred during the Interim Period in the amount of $463.40 (the "Requested Expenses"), with payment authorized and directed in full. There remains an outstanding balance of $1,060.90 under the Interim Period, and of which this Application requests payment.

## II.     JURISDICTION AND VENUE

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and the standing Western District of Texas Order of Reference of Bankruptcy Cases and Proceedings. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and a matter that arises exclusively under the provisions of the Bankruptcy Code, as to which the Court accordingly has the power consistent with the United States Constitution to enter a final order. The Debtor expressly consents to such a final disposition by this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016 of the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas (the "Local Rules").

---

[1] To save the Estate's photocopying and postage expenses, B&D is not serving Exhibit "A" on all parties to this bankruptcy case receiving notice (only) by U.S. mail. Any party wishing to obtain a copy of said Exhibit "A" may obtain one free of charge by contacting the undersigned counsel.

### III. BACKGROUND

4. On March 12, 2024 (the "Petition Date"), Panache Development and Construction, Inc. ("Panache") filed its *Involuntary Petition under Chapter 7*, which Panache subsequently amended on April 3, 2024 (the "Involuntary Petition," at ECF No. 5).

5. On April 29, 2024, the Debtor filed its *Answer to Involuntary Petition* (the "Answer," at ECF No. 13) and also filed its *Motion to Convert Chapter 7 Case to Chapter 11* (the "Motion to Convert," at ECF No. 14).

6. On September 9, 2024 (the "Relief Date"), the Court entered its *Agreed Order for Relief under Subchapter V of Chapter 11 of Title 11 of the United States Code* (the "Order for Relief," at ECF No. 28), granting relief against the Debtor under Chapter 11, Subchapter V, of the Bankruptcy Code.

7. On November 12, 2024, the Debtor field its *Application to Employ Blackwell & Duncan, PLLC, as Special Tax Counsel for the Debtor-in-Possession* (the "Retention Application," at ECF No. 81), seeking to employ B&D as special tax counsel for the Debtor. On December 9, 2024, the Court entered its *Order Approving Debtor's Application to Employ Blackwell & Duncan, PLLC, as Special Tax Counsel for the Debtor-in-Possession* (the "Retention Order," at ECF No. 96), whereby the Debtor was authorized to retain and employ B&D, effective as of October 11, 2024.

8. On November 13, 2024, the Court signed and entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses* (the "ICP Order," at ECF No. 83).

9. On February 7, 2025, B&D filed its first *Fee Summary of Blackwell & Duncan, PLLC* (the "First Fee Summary, at ECF No. 134). The First Fee Summary covered the period from November 1, 2024 to January 31, 2025, and sought compensation in the amount of (i) $891.60

(80% of $1,114.50) on account of actual, reasonable and necessary professional services rendered as special tax counsel to the Debtor by B&D, and (ii) reimbursement of actual and necessary costs and expenses in the amount of $459.15 incurred on behalf of the Debtor.

10. No objections were filed in response to the First Fee Summary, nor were any objections raised informally with either B&D or the undersigned counsel. As of the date of this Application, B&D has been paid $1,350.75 pursuant to the First Fee Summary and ICP Order.

## IV. BASIS FOR RELIEF REQUESTED

### A. STANDARD FOR ALLOWANCE OF FEES AND EXPENSES

11. Section 330(a) of the Bankruptcy Code provides:

> (1) After notice to the parties in interest and the United States Debtor and a hearing, and subject to sections 326, 328, and 329, the court may award to a . . . professional person employed under section 327 or 1103—
>
>> (A) reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
>>
>> (B) reimbursement for actual, necessary expenses. . . .
>
> (3) In determining the amount of reasonable compensation to be awarded . . . , the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
>> (A) the time spent on such services;
>>
>> (B) the rates charged for such services;
>>
>> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code];
>>
>> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; . . . and
>>
>> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

11 U.S.C. § 330(a). Section 331 of the Bankruptcy Code provides that the Court may award interim fees and expenses, subject to the filing of a final fee application at the appropriate time. *See* 11 U.S.C. § 331.

12. In evaluating the reasonableness of fees requested under section 330, bankruptcy courts use the lodestar method, computed by multiplying the number of hours reasonably spent on the work by the prevailing hourly rate and then adjusted upward or downward based on certain factors, including those contained in section 330(a)(3). *Asarco, L.L.C. v. Jordan Hyden Womble Culbreth & Holzer, P.C. (In re Asarco, L.L.C.)*, 751 F.3d 291, 295 (5th Cir. 2014) (citations omitted). The Fifth Circuit has held that "'if a fee applicant establishes that its services were "necessary to the administration" of a bankruptcy case or "reasonably likely to benefit" the bankruptcy estate "at the time at which [they were] rendered," then the services are compensable.'" *Edwards Family P'ship v. Johnson (In re Cmty. Home Fin. Servs.)*, 990 F.3d 422, 427 (5th Cir. 2021) (quoting *Barron & Newburger, P.C. v. Tex. Skyline, Ltd. (In re Woerner)*, 783 F.3d 266, 276 (5th Cir. 2015)).

13. Here, application of any of the Bankruptcy Code's or the Fifth Circuit's factors support the allowance of the Requested Fees and the Requested Expenses. As explained in detail above, and as listed in detail on **Exhibit "A**," B&D's Requested Fees and Requested Expenses:

- are reasonable based on the hourly rates charged in relation to the local market and in relation to the rates charged by comparable professionals;

- are reasonable based on the experience and hourly rate of the professionals used, and given the level of complexity and breadth of issues involved in this case, there was no excessive approach in the utilization of skilled professionals;

- are reasonable based on the allocation of work and staffing of the representation, and the avoidance of duplication and unnecessary services;

- are reasonable based on the results produced;

- are beneficial because of the Debtor's opportunities for further tax savings.

- represent actual time spent by B&D on the representation, employing contemporaneous and detailed time entries in the process; and

- were incurred by persons skilled and experienced in their various fields of expertise and practice.

14. Therefore, based on the representations in this Application, **Exhibit "A"** hereto, the Court's own familiarity with the Bankruptcy Case and the proceedings therein, and on any evidence presented at the hearing on this Application, B&D believes that its Application, including its modest Requested Fees, should be fully allowed for prompt, interim payment by the Debtor.

15. Additionally, B&D has not filed any previous fee applications in this Bankruptcy Case due to the modest amount of fees owed to B&D.

**B.    INTERIM APPROVAL**

16. Pursuant to section 331 of the Bankruptcy Code and the ICP Order, this Court may award interim fees and expenses, subject to the filing of a final fee application at the appropriate time. Unless the Court orders otherwise, interim fee applications should be filed not more than once every 120 days. Here, B&D has not filed any application in this bankruptcy proceeding. B&D is requesting the payment of the balance of outstanding Requested Fees and Requested Expenses corresponding to this Interim Period in the aggregate sum of $1,060.90.

**C.    RATES CHARGED FOR SERVICES AND THEIR CUSTOMARY NATURE**

17. Pursuant to B&D's fee arrangement in the Retention Application, B&D's fees have been determined on an hourly fee basis, utilizing the hourly rates customarily charged by B&D to clients in other representations.

**D.    REASONABLENESS OF FEES**

18. The Debtor selected B&D as its special tax counsel because its attorneys have substantial legal expertise in Texas property taxation issues.

19. B&D submits that its experience and expertise resulted in the efficient handling of tasks. The professional services rendered by B&D described herein were necessary and appropriate for the Debtor to assess and analyze its 2024 *ad valorem* property taxes. The professional services were performed expeditiously and in an efficient manner, and without duplication of work. No prior application has been made in this or in any other court for the relief requested herein for this Interim Period.

E. **NECESSARY AND BENEFICIAL NATURE OF SERVICES**

20. B&D submits that its efforts generally described herein have been both necessary and beneficial to the Debtor, its estate, creditors, and parties-in-interest, as well as to the administration of the Bankruptcy Case.

21. B&D has prepared and submitted for filing to the Travis County District Clerk the Debtor's Original Petition for Review (Case No. D-1-GN-24-008408). B&D continues to represent the Debtor in the proceedings before the Travis County District Court in order to dispute, contest and minimize the Debtor's corresponding tax assessments and obligations.

F. **REASONABLENESS OF TIME SPENT AND CONSTRAINTS**

22. B&D spent only that time which it deemed necessary to accomplish the objectives of the Debtor and its estate in the Bankruptcy Case. At all times, B&D has been mindful to reasonably minimize costs and avoid duplication of effort and submits that its total request for compensation and reimbursement is a reflection of these efforts.

G. **EXPENSES**

23. B&D incurred expenses relating to the filing fees for the Debtor's Original and Amended Petition for Review before the Travis County District Court (Case No. D-1-GN-24-008408).

## V. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, B&D respectfully requests that the Court enter an order: (i) granting this Application; (ii) approving the Requested Fees on an interim basis only, subject to final approval, in the total amount of $2,411.65; (iii) authorizing and directing the Debtor to pay B&D the outstanding unpaid balance of $1,060.90 under the Requested Fees and reimbursement of actual and necessary costs and expenses on an interim basis; and (iv) granting B&D such other and further relief as the Court may deem just and proper.

Dated: December 12, 2025

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Jay Ong*
Thomas D. Berghman
Texas Bar No. 24082683
Jay H. Ong
Texas Bar No. 24028756
1717 West 6th Street, Suite 250
Austin, Texas 78703
Telephone: (512) 391-6100
Facsimile: (512) 391-6149
E-mail: tberghman@munsch.com
jong@munsch.com

***Counsel for RIC (Austin), LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on December 12, 2025, a true and correct copy of the foregoing document and all exhibits attached thereto was served by electronically filing the same with the Court using the Court's CM/ECF system, which sent notification to the parties receiving same through such system, and on the parties shown on the attached service list, via first class U.S. Mail.[2]

*/s/ Jay Ong*
Jay H. Ong

---

[2] To save photocopying and postage expenses, Munsch Hardt is not serving Exhibit "A" on all parties to this bankruptcy case receiving notice (only) by U.S. mail. Any party wishing to obtain a copy of said Exhibit "A" may obtain one free of charge by contacting the undersigned counsel.