**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-10264-cgb |
| | § | |
| RIC (AUSTIN), LLC, | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | |

---

**PANACHE PARTIES' REPLY BRIEF IN OPPOSITION TO CONFIRMATION**

1. ***The Evidentiary Record Contradicts the Debtor's Assertions of Estate Neutrality***. When an insider controls the debtor and aligns with the secured lender, the Fifth Circuit demands rigorous scrutiny and a showing of inherent fairness.[1] The CRO's testimony that he never subjectively "felt" pressured by the Romspen Parties[2] cannot carry that burden. The Plan[3] plainly favors insiders over other creditors. The CRO's subjective comfort cannot override three written instruments that explicitly hardwire conflict into the Estate.

2. First, the CRO's engagement letter compels him to "report to and take direction from" Reomaster, and the retention order leaves that command intact.[4] Second, once the Court approved the retention, the CRO signed a Joint Defense and Common Interest Agreement—without notice to creditors and without Court approval—aligning the Estate with RMLP and Reomaster on the case's key issues: the Plan, the Adversary Proceeding, and claims allowance.[5] Third, the DIP orders "hamstrung" the Estate's investigation against the Romspen Parties.[6] The Debtor's Brief ignores each of these instruments. The Court should not.

---

[1] *Matter of Multiponics, Inc.*, 622 F.2d 709, 714 (5th Cir. 1980).
[2] Debtor's Brief ¶ 4.
[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Debtor's Brief or the Plan.
[4] PX 502, 503; Tr. Day 4, 276:14–77:2, 277:23–78:4.
[5] PX 504; Tr. Day 4, 280:2–14.
[6] Tr. Day 4, 219:22–20:7; 284:3–6 ("under the DIP order, any such investigation would have been limited to a $25,000 challenge budget").

3.     The consequences appear on the face of the Plan. The CRO performed no meaningful analysis of whether the December 2020 transactions rendered the Debtor insolvent or if Reomaster violated its fiduciary duties under LLC Agreement Section 6.6.[7] The Debtor echoes Romspen's narrative broadly alleging, *without evidence*, lack of value for $37 million Reomaster directed the Debtor to pay the Panache Parties.[8] Yet in targeting only the Panache Parties, the Debtor ignores the $200 million debt Reomaster directed the Debtor to assume on a property now valued at $32.8 million.[9] A neutral estate would preserve all sides' claims for an independent administrator. This Plan transfers Estate claims against an insider to that very insider, eliminating the ability to have those claims independently investigated and pursued for the benefit of creditors.

4.     The Panache Parties engaged in Plan negotiations in good faith. The parties did not mediate because Romspen, not the Panache Parties, refused to participate,[10] but settlement negotiations, or the lack thereof, are irrelevant to confirmation under section 1129. The Estate's attempt to mischaracterize the negotiations further demonstrates its effort to advance a one-sided narrative favoring the Romspen Parties and reflects a lack of impartiality.

5.     ***The Equity Auction Does Not Satisfy the Requirements of 203 N. LaSalle***. Section 1129(b)(2)(B)(ii) bars a pre-petition equity holder from retaining property unless dissenting unsecured creditors recover in full. To invoke the "new value" corollary in this context, the Debtor must expose the equity in the Reorganized Debtor to a genuine market.[11] The Debtor's market check fails because the marketing materials skewed it from the outset in favor of Reomaster.

---

[7] Tr. Day 4, 296:3–14; 297:4–11. The CRO's failure to investigate fiduciary-duty claims against the controlling insider demands that the Court treat the Plan with heightened skepticism. *See, e.g., Multiponics*, 622 F.2d at 714.

[8] The Debtor, like the Romspen Parties, tries to distract from the Plan's legal deficiencies by disparaging the Panache Parties, but presents no actual evidence of any wrongdoing, even after conducting wide ranging discovery against the subcontractors and receiving years of bank statements and other financial information.

[9] Tr. Day 4, 295:15–25. This total includes tens of millions of dollars in accrued interest and fees. R-3, pp. 207-209.

[10] Tr. Day 4, 311:3-312:16.

[11] *Bank of Am. Nat'l Tr. & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 457–58 (1999) ("[T]he best way to determine value is exposure to a market.").

6.      In its Brief, the Debtor focuses only on the marketing email.[12] Like that email, the teaser the Debtor sent through DailyDAC and Inforuptcy told all bidders the equity comes "subject to all currently asserted claims against RIC (Austin) including secured claims of ~$243MM and unsecured claims of ~$520K."[13] The Plan does the opposite. Section 1141(c) vests the Reorganized Debtor's property free and clear and section 1141(d) discharges pre-petition claims.[14] The Reorganized Debtor will carry, at most, RMLP's allowed first-lien claim against the Debtor's own $32.8 million valuation—roughly one-eighth the advertised figure.[15] The Debtor inflated the Reorganized Debtor's liabilities eightfold. A market shown the wrong asset is no market at all.

7.      The Debtor's fallback—that certain parties previously "toured the Property" and therefore knew better—answers the wrong question. Leasing tours of the Project years ago were not designed to market the Property for sale, and did nothing inform bidders about the legal structure of the equity offered under the Plan. The Debtor did not use an independent retained broker and set the stalking horse at the minimum number the Estate needed to cover administrative expenses and a token Class 11 distribution.[16] The CRO admitted he could have demanded more.[17] Only the insider stalking horse benefits from these decisions.[18]

8.      Additionally, the Debtor's argument that the termination of exclusivity creates an open market for competition also fails.[19] *203 N. LaSalle* requires that new value plans delivering equity to insiders be exposed to an auction regardless of whether exclusivity had expired.[20]

---

[12] Debtor's Brief ¶¶ 5, 8 (arguing that the marketing email only went to a subset of bidders).
[13] PX 514; Tr. Day 4, 310:25–11:2.
[14] Plan, Arts. 3.1, 4.1.
[15] Plan, Arts. 2.2A., 3.1, 4.1; DX 14.
[16] Tr. Day 4, 303:2-12.
[17] Tr. Day 4, 319:15–23 (CRO admitted the stalking horse "could have been higher"); 250:17–25 (in-house marketing rather than retained broker).
[18] Tr. Day 4, 308:12-22. *See, e.g., In re Wisconsin & Milwaukee Hotel LLC*, 2026 WL 31366, at *4 (Bankr. E.D. Wis. Jan. 5, 2026) (a plan auction "rigged" in an insider's favor offends section 1129(b)).
[19] Debtor's Brief ¶ 10.
[20] *In re Castleton Plaza, LP*, 707 F.3d 821, 822–24 (7th Cir. 2013).

9. ***Classes 5 & 10 Cannot Satisfy Section 1129(a)(10)***. Section 1129(a)(10) requires at least one impaired class to accept the Plan. Strip away Classes 5 and 10 and no impaired class accepts the Plan. The Debtor's separate classification of Classes 5 and 10 fails as a matter of law, and its impairment of those classes fails as a matter of good faith.

10. Class 5 (Travis County) does not qualify as a class. In *In re Mangia Pizza Invs., LP*, Judge Gargotta held that a secured tax claim eligible for treatment under section 1129(a)(9)(D) "should not be treated as a 'class'" and cannot vote for cramdown purposes—even when the taxing authority consents to less favorable treatment.[21] Class 10 fails the "reasonable and necessary" test of section 1122(b). The CRO admitted that the separate classification "wasn't necessary," testified the Debtor has liquidity to pay all nine Class 10 creditors in full, and conceded that paying Class 10 in full would have eliminated the need to solicit Class 10 votes entirely.[22] The cost difference between 90% and 100% payment to Class 10 is roughly $7,500. That is not administrative convenience. It is the price the Debtor paid to secure votes in support of confirmation. The Northern District of Texas confronted this exact maneuver in *In re Northwest Timberline Enterprises, Inc.*, 348 B.R. 412, 439–40 (Bankr. N.D. Tex. 2006) and held that no "administrative burden" justifies a convenience class where the debtor can pay in full and chooses not to.

11. *Village at Camp Bowie* fails to rescue the Debtor. In that case, the Fifth Circuit permitted discretionary impairment where the overall reorganization showed independent good faith.[23] Here, the Debtor offers no credible good-faith explanation independent of the impairment itself. Classes 5 and 10 should not count under section 1129(a)(10).

12. ***The Plan Violates the Absolute Priority Rule***. The Debtor concedes that

---

[21] 480 B.R. 669, 678–79 (Bankr. W.D. Tex. 2012) (Gargotta, J.); *see also In re K Lunde, LLC*, 513 B.R. 587, 597–98 (Bankr. D. Colo. 2014).

[22] Tr. Day 4, 301:17–22; 302:6–03:12; 303:13–04:6; 305:4–7.

[23] 710 F.3d 239, 247–48 (5th Cir. 2013).

"Reomaster (or its assignee) will own equity in the Reorganized Debtor and will surely not sue itself."[24] That admission ends the inquiry. Section 1129(b)(2)(B)(ii) prohibits a pre-petition equity holder from receiving "any property" for its interest if dissenting unsecured creditors remain unpaid. "Property" includes both equity and control rights over estate causes of action.[25] The absolute-priority rule was "developed in response to concern for the ability of a few insiders, whether representatives of management or major creditors, to use the reorganization process to gain an unfair advantage."[26] There is no dispute that the Plan delivers Reomaster control and the "functional equivalent" of releases, precisely the type of unfair advantage the absolute priority rule is designed to prevent.[27]

13.     The Debtor's response—that the Panache Parties "only have themselves to blame" for not bidding or making a *Louisiana World* demand—inverts the section 1129(b) burden. The burden rests with the Debtor to ensure that all Estate value is administered for the benefit of creditors before equity receives a return.[28] The market check in this case was illusory and the release of insider claims violates the absolute priority rule.

14.     ***Conclusion***. Under Romspen's corporate control and RMLP's financial control and further aligned with those parties under a joint defense and common interest agreement, the Debtor has engineered a Plan that transparently benefits the Romspen Parties at the expense of the Panache Parties, subcontractors, and other creditors. The Debtor's actions in this case are a continuation of the Romspen Parties' prepetition inequitable conduct, and the Court should deny confirmation of the Plan.

---

[24] Debtor's Brief ¶ 16.
[25] *See Mangia Pizza*, 480 B.R. at 700; *In re Pullman Const. Indus. Inc.*, 107 B.R. 909, 950-51 (Bankr. N.D. Ill. 1989).
[26] *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 470 (2017).
[27] Tr. Day 4, 295:1–12.
[28] 11 U.S.C. §§ 1129(a)(7), (b)(2)(B)(ii).

Date: May 18, 2026.                            Respectfully submitted,

                                               /s/ John D. Gaither
                                               Jason M. Rudd, Tex. Bar No. 24028786
                                               John D. Gaither, Tex. Bar No. 24055516
                                               Catherine A. Curtis, Tex. Bar No. 24095708
                                               **WICK PHILLIPS GOULD & MARTIN, LLP**
                                               3131 McKinney Avenue, Suite 500
                                               Dallas, Texas 75204
                                               Phone: (214) 692-6200
                                               Email: jason.rudd@wickphillips.com
                                                      john.gaither@wickphillips.com
                                                      catherine.curtis@wickphillips.com

                                               ***COUNSEL FOR PANACHE DEVELOPMENT &
                                               CONSTRUCTION, INC., AFMN INVESTMENTS,
                                               LLC, AND ADAM ZARAFSHANI***

                                               /s/ B. Russell Horton
                                               B. Russell Horton, Tex. Bar No. 10014450
                                               **GEORGE BROTHERS KINCAID & HORTON, LLP**
                                               114 W 7th St., Suite 1100
                                               Austin, Texas 78701
                                               Phone: (512) 495-1400
                                               Email: rhorton@gbkh.com

                                               ***COUNSEL FOR AFMN INVESTMENTS, LLC***

                                               /s/ J. Casey Roy
                                               J. Casey Roy, Tex. Bar No. 00791578
                                               **KANE RUSSELL COLEMAN LOGAN PC**
                                               401 Congress Avenue, Suite 2100
                                               Austin, Texas 78701
                                               Phone: (512) 487-6572
                                               Email: croy@krcl.com

                                               ***COUNSEL TO VESTA TEXAS, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2026, a copy of the foregoing document was served electronically on all parties registered to receive notice through the Court's ECF service, and by first class mail on parties listed on the attached service list.

                                               /s/ John D. Gaither
                                               John D. Gaither

6

Label Matrix for local noticing
0542-1
Case 24-10264-cgb
Western District of Texas
Austin
Mon Nov 17 14:39:06 CST 2025

RIC (Austin) LLC
c/o Gregory S. Milligan, CRO
8911 N. Capital of Texas Highway
Ste 2120
Austin, TX 78759-7200

U.S. BANKRUPTCY COURT
903 SAN JACINTO, SUITE 322
AUSTIN, TX 78701-2450

ACM Services, LLC
P.O. Box 1208
Taylor, TX 76574-6208

AFMN Investments, LLC
c/o Russ Horton
114 W 7th Street Ste 625
Austin, TX 78701-3010

AREM
PO Box 170191
Austin, TX 78717-0012

ATX Alarm Company
820 Marbella Vista Way
Leander, TX 78641-2505

Adam Zarafshani
625 Norwood Tower, 114 West 7th Street
Austin, TX 78701

Airco Mechanical Ltd.
PO Box 1598
Round Rock, TX 78680-1598

Airgas USA LLC
P.O. 1152
Tulsa, OK 74101-1152

Airgas USA, LLC
11111 N Lamar Blvd
Austin TX 78753-3058

Allied Sales Company
P.O. 6116
Austin, Texas 78762-6116

Angela VanDeWalle
8003 Weldon Springs Court
Austin, Texas 78726-4016

AquaLogic Water Consulting
16238 Highway 620 #F232
Austin TX 78717-5212

Armbrust & Brown, PLLC
100 Congress Avenue #1300
Austin, Texas 78701-2744

Assessment Technologies
40 NE Loop 410, Ste. 607
San Antonio, Texas 78216-5883

Austin CG Construction Services, Inc.
901 S Mopac Expressway, Ste. 410
Austin, Texas 78746-5776

Austin Glass & Mirror, Inc.
6308 Decker Lane
Austin, Texas 78724-5102

Austin Porta Potty Rentals
212 N Blue Ridge Pkwy
Cedar Park, TX 78613-3059

BTY US, LLC
2180 Satellite Boulevard, Ste. 400
Duluth, Georgia 30097-4927

Bates Backhoe, Inc.
P.O. 156
Hutto, Texas 78634-0156

Blu Fish Collaborative Inc.
P.O. Box 40792
Austin, TX 78704-0014

Bordan Ladner Gervais LLP
World Exchange Plaza, 100 Queen Street
Ottawa, Ontario K1P 1B1

Borden Ladner Gervais LLP
Suite 1900, 520 - 3 Avenue SW
Calgary, AB T2P 0R3
E-mail: kbarr@blg.com
E-mail: kawoods@blg.com

Bryan Cave Leighton Paisner LLP
P.O. 503089
St. Louis, Missouri 63150-3089

Byrne Byrne & Company
217 N Jefferson St Suite #450
Chicago, IL 60661-1316

C & C Restoration Services, Inc.
307 E Walnut St.
Hillsboro TX 76645-3332

C Kyle Pugh PC
4015 Main Street, Ste. 100
Dallas, Texas 75226-1231

CNA Insurance
PO Box 74007619
Chicago IL 60674-7619

CT Corporation
P.O. 4349
Carol Stream, Illinois 60197-4349

Chaparral Professional Land Surveying
5725 W Hwy 290, Suite 103
Austin TX 78735-8722

Christina Brinch Clark
# W 122nd Street, Apt 2A
New York, New York 10027

(p)CITY OF AUSTIN   AUSTIN ENERGY
ATTN COLLECTIONS DEPARTMENT
4815 MUELLER BLVD
AUSTIN TX 78723-3573

City of Austin Law Department
Attn: Sara Schaefer
301 W. 2nd St.
P.O. 1088
Austin, TX 78767-1088

Coster Realty Information Inc.
2563 Collection Center Drive
Chicago, Illinois 60693-0025

D & G Tree and Landscaping Services
309 Amanecer Dr
Lockhart TX 78644-2065

D and D Specialty Services, LLC
721 W.Briarwood Dr.
Brenham, TX 77833-6543

Days End Lawn Sprinkler
P.O. Box 5893
Austin, TX 78763-5893

Doucet & Associates, Inc.
7401 B Highway 71 West, Suite 160
Austin, TX 78735-8201

EFI Global, Inc.
500 Sandau Road, Ste. 300
San Antonio, Texas 78216-3636

Elm Developments Corp.
1931 Highway 7
Concord ON L4K 1V5

Ferguson Enterprises LLC
P.O. 847411
Dallas, Texas 75284-7411

(p)FIRST INSURANCE FUNDING
450 SKOKIE BLVD SUITE 1000
NORTHBROOK IL 60062-7917

Foley & Lardner LLP
P.O. 78470
Milwaukee, Wisconsin 53278-8470

GSC Architects
3100 Alvin DeVane Boulevard, Building A,
Austin, Texas 78741-7406

GSC Architects
3100 Alvin Devane Boulevard, Suite 200-b
Austin, TX 78741-7406

GeoSolutions
7011 West Bee Cave Rd.
Austin TX 78746-5011

Glass.com of Illinois
910 S. Riverside Dr., Ste. 4
Elmhurst, IL 60126-4979

Grass Works Lawn Care
11318 Trails End Rd.
Leander TX 78641-5843

H2MG
8000 I-10 #1002
San Antonio, Texas 78230-4449

HMG & Associates, Inc.
12515 Research Blvd., Te 7-140
Austin, TX 78759-2228

Hilco Real Estate Apraisal, LLC
5 Revere Drive, Ste. 300
Northbrook, Illinois 60062-8014

Hill Country Electric Supply
P.O. 577
San Antonio, Texas 78292-0577

Hoang Willis
709 Stevenage Drive
Pflugerville, Texas 78660-8062

Inglewood
9242 Headlands Road
Mentor, Ohio 44060-1026

Kilgore Industries, LP
10050 Houston Oaks Drive
Houston, TX 77064-3520

Koetter Fire Protection
16069 Central Commerce Drive
Pflugerville TX 78660-2005

L&W Supply
503 Industrial Boulevard
Austin, Texas 78745-1210

Law Office of Terrence L. Irion
15113 Bat Hawk Circle
Austin, Texas 78738-6862

Lawrence Group
319 N. 4th Street, Ste. 1000
St. Louis, Missouri 63102-1937

| MJ Structures, PLLC<br>3005 S Lamar Blvd #D109 #467<br>Austin TX 78704-8864 | MNP LTD<br>1500, 640 - 5th Avenue SW<br>Calgary, Alberta | McCord Engineering, Inc.<br>916 Southwest Parkway East<br>College Station, TX 77840-4018 |
| --- | --- | --- |
| (p)MCMINN LAND SURVEYING COMPANY  CORP<br>4008 GREENMOUNTIAN LN<br>AUSTIN TX 78759-7570 | Michel Gray & Rogers<br>824 W 10th Street, Ste. 101<br>Austin, Texas 78701-2039 | Mint Engineering<br>107 RR 620 South, Ste. 350<br>Austin, Texas 78734-3980 |
| Munsch Hardt Kopf & Harr, P.C.<br>500 N. Akard St., Suite 4000<br>Dallas TX 75201-6605 | Nathan Olson<br>11308 Wet Season Drive<br>Austin, Texas 78754-5855 | Nuveen Green Capital<br>19 Old Kings Highway South, Ste. 210<br>Darien, Connecticut 06820-4532 |
| O&L Development Corp.<br>1931 Highway 7<br>Concord, Ontario L4k 1V5 | Office of U.S. Trustee<br>903 San Jacinto Blvd. #230<br>Austin, TX 78701-2450 | Osler, Hoskin & Harcourt LLP<br>225-6th Avenue SW, Ste. 2700<br>Calgary, Alberta T2P 1N2 |
| PLC Group<br>2701 S County Road 1180<br>Midland, Texas 79706-4032 | PRO VIGIL<br>P.O. 26539<br>Austin, Texas 78755-0539 | Panache Development & Construction, Inc.<br>P.O. 26539<br>Austin, Texas 78755-0539 |
| Panache Development and Construction Inc<br>901 S Mopac Expy Bldg 1 #300<br>Austin TX 78746-5883 | Plan M Advisory Services<br>3876 Vandorf Sideroad<br>Stouffville, ON, L4A  4K3 | Power Labor Staffing LLC<br>206 W Main Street<br>Round Rock, Texas 78664-5811 |
| Pro-Vigil Inc<br>P.O. BOX 677107<br>Dallas, TX 75267-7107 | Quiddity<br>3100 Alvin Devane Blvd, Suite 150<br>Austin Texas 78741-7409 | RCLCO Real Estate Consulting<br>7200 Wisconsin Avenue, Ste. 1110<br>Bethesda, Maryland 20814-4800 |
| RIC (Austin), LLC<br>1717 West 6th Street, Suite 250<br>Austin, TX 78703-4777 | RIC (Austin), LLC<br>c/o Gregory S. Milligan<br>8911 N. Capital of Texas Highway, Ste. 2<br>Austin, TX 78759-7247 | Ranger Security Agency, LLP<br>1258 Chad Dr.<br>Round Rock, TX 78665-2038 |
| ResolveDesigns LLC<br>120 Saint Richie Lane<br>Austin, Texas 78737-4612 | Richard Rodrigues and Skeith LLP<br>611 W 15th Street<br>Austin, TX 78701-1513 | Romspen Mortgage LP<br>c/o Kyle S Hirsch<br>Bryan Cave Leighton Paisner LLP<br>2200 Ross Ave #4200W<br>Dallas TX 75201-2763 |
| Romspen Mortgage Limited Partnership<br>Two North Central Ave #2100<br>Phoenix AZ 85004-4533 | SCI Engineering Inc<br>130 Point West Boulevard<br>St. Charles, Missouri 63301-4408 | Safeguard Business Systems Limited<br>330 Cranston Crescent<br>Midland, Ontario L4R 4V9 |

Safeguard Print and Promo
330 Cranston Crescent
Midland, ON  L4R 4V9

Sara Schaefer
301 W 2nd Street
Austin, Texas 78701-4652

Shermco Industries Inc.
2425 East Pioneer Dr.
Irving TX 75061-8919

Snow Environmental Solutions, LLC
1375 Braided Rope Drive
Austin Texas 78727-4630

Spaseco Inc.
9575 W. Higgins Road, Suite 700
Rosemont, IL 60018-4998

Spectrum Business
PO Box 60074
City of Industry, CA 91716-0074

Sprouse Shrader Smith
805 Las Cimas Pkwy, Ste. 350
Austin, Texas 78746-6177

Structures PE LLP
4408 Burnet Road
Austin, Texas 78756-3319

StructuresPE, LLP
4315 Guadalupe St, Ste 301
Austin, TX 78751-3644

Summer Legacy, LLC
108 Wild Basin, Ste. 250
Austin, Texas 78746-3468

(p)SUNSTATE EQUIPMENT CO   LLC
ATTN CREDIT LEGAL
5552 E WASHINGTON
PHOENIX AZ 85034-2134

Texas Air Industries Inc.
1 Chisholm Trail Road, Ste. 400
Round Rock, Texas 78681-5039

Texas Disposal Systems
PO Box 674080
Dallas TX 75267-4080

Texas Gas Service
PO Box 219913
Kansas City, MO 64121-9913

The Bug Master
1912 Smith Rd,
Austin, TX 78721-3547

The Chapman Firm
3410 Far West Boulevard, Ste. 210
Austin, Texas 78731-3273

The Davey Tree Expert Company
P.O. Box 94532
Cleveland OH 44101-4532

The Montgomery Design Consultancy LLC
PO Box 300939
Austin TX 78703-0016

Traffic Impact Group LLC
165 Sabal Palm Drive, Ste. 141
Longwood, Florida 32779-2591

Travis County Tax Office
PO Box 149328
Austin, TX 78714-9328

Travis County c/o Jason A. Starks
PO Box 1748
Austin, Texas 78767-1748

(p)INTSEL STEEL
ATTN LORI DOYLE
11310 WEST LITTLE YORK
HOUSTON TX 77041-4917

United States Trustee - AU12
United States Trustee
903 San Jacinto Blvd, Suite 230
Austin, TX 78701-2450

Vesta Texas, LLC
2901 Via Fortuna Bldg 6, Suite 450
Austin, TX 78746-0007

Victor Saucedo
5501 Night Chinook Drive
Buda, Texas 78610

Ware Malcomb
Accounts Receivable, 10 Edelman
Irvine, CA 92618-4312

Waste Connections Lone Star Inc.
PO Box 17608
Austin, TX 78760-7608

Winstead PC
2728 N. Harwood St., Suite 500
Dallas, TX 75201-1743

Witten LLP
10303 Jasper Avenue
Edmonton, Alberta T5J 3N6

Wylie Engineering
1 Greenway Plaza, Suite 1100
Houston TX 77046-0104

Yareht Abigial Ruvalcaba Hernandez
6531 County Road 110, Apt 132
Round Rock, Texas 78665-1628

Eric Terry
Eric Terry Law, PLLC
3511 Broadway
San Antonio, TX 78209-6513

Jacob J King
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St.
Dallas, TX 75201-3302

Jay Ong
Munsch Hardt Kopf & Harr, P.C.
1717 West 6th St #250
Austin, TX 78703-4777

Jonathan Petree
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street #4000
Dallas, TX 75201-6605

Thomas D. Berghman
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St. #3800
Dallas, TX 75201-6659

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

City of Austin
PO Box 2267
Austin TX 78783-2267

First Insurance Funding
450 Skokle Blvd., Ste 1000
Northbrook, IL 60062-7917

McMinn Land Surveying Company
4008 Greenmountain Lane
Austin, TX 78759

Sunstate Equipment Co.
5552 East Washington Street
Phoenix, Arizona 85072

Triple S Steel
2042 West Thompson Place
San Antonio, Texas 78226

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Safeguard Business Systems Limited
Lockbox T57624C
PO Box 57624 #A

End of Label Matrix
Mailable recipients   125
Bypassed recipients     1
Total                 126