**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 24-10264-cgb** |
| **RIC (AUSTIN), LLC** | § | |
| | § | **Chapter 11** |
| **Reorganized Debtor.** | § | |

# FIRST AND FINAL FEE APPLICATION SUMMARY

## I. CLIENT

RIC (Austin), LLC (the "Debtor")

## II. REQUESTING FIRM

Drenner Group ("Drenner"), as Special Entitlements Counsel for the Debtor

## III. TOTAL AMOUNT OF FEES REQUESTED

a. Fees: $58,373.00
b. Expenses: $0.00
c. Pre-petition retainer, if any: $0.00
d. Time period covered: December 1, 2025, through and including June 4, 2026
e. Voluntary Reductions: $0.00

## IV. BREAKOUT OF CURRENT APPLICATION

| Name | Capacity | Total Hours | Rate | Total |
|---|---|---|---|---|
| Stephen O. Drenner | Shareholder | 16.4 | $ 975.00 | $ 15,990.00 |
| Stephen O. Drenner | Shareholder | 2.4 | $ 950.00 | $ 2,280.00 |
| Leah M. Bojo | Director | 25.2 | $ 620.00 | $ 15,624.00 |
| Leah M. Bojo | Director | 1.2 | $ 595.00 | $ 714.00 |
| Temaria Davis | Senior Project Manager | 55.5 | $ 350.00 | $ 19,425.00 |
| Temaria Davis | Senior Project Manager | 0.5 | $ 330.00 | $ 165.00 |
| Katie Gengler | Project Manager | 16.7 | $ 250.00 | $ 4,175.00 |
| **Totals** | | **117.90** | **$ 495.11** | **$ 58,373.00** |

Minimum Fee Increment: 0.1

AMOUNT ALLOCATED FOR PREPARATION OF THIS FEE APPLICATION: $0.00

## V. PRIOR APPLICATIONS

No prior interim fee applications have been filed on behalf of Drenner in this Bankruptcy Case. Drenner has filed four (4) fee summaries pursuant to the ICP Order, as described more fully below.

## VI. OTHER CO-EQUAL OR ADMINISTRATIVE CLAIMANTS IN THIS CASE

Other administrative expense priority claims include fees to the Subchapter V Trustee, the Debtor’s general bankruptcy counsel (Munsch Hardt Kopf & Harr, P.C.), the Debtor’s financial consultant (HMP Advisory Holdings, LLC) and corresponding Chief Restructuring Officer, the Debtor’s special tax counsel (Blackwell & Duncan, PLLC), and certain ordinary course professionals (*see* Docket No. 81). Drenner is not aware of other administrative expense priority claims in this Bankruptcy Case. Allowance of this application is not anticipated to result in the Debtor’s estate being unable to pay all co-equal or superior administrative claims in the Bankruptcy Case.

## VII. RESULTS OBTAINED

Drenner performed due diligence and prepared an entitlements memorandum regarding the Debtor’s Property and Project, conferred with and lobbied the City of Austin regarding the Debtor’s entitlements and ability to be grandfathered into pre-existing development regulations to maximize the Debtor’s development flexibility and options while minimizing its regulatory compliance obligations and expenses. Drenner represents the Debtor in connection with the City of Austin regulatory proceeding (Cause No. AMC00597829A, City of Austin Municipal Court).

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 24-10264-cgb** |
| **RIC (AUSTIN), LLC** | § | |
| | § | **Chapter 11** |
| **Reorganized Debtor.** | § | |

**FIRST AND FINAL APPLICATION OF**
**DRENNER GROUP FOR THE ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES AS SPECIAL ENTITLEMENTS COUNSEL**
**FOR THE DEBTOR AND REQUEST FOR PAYMENT OF SAME**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Western District of Texas, Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Boulevard, Suite 322, Austin, Texas 78701. If a timely response is filed, the Court will then set a hearing on the motion, and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the motion.**

TO THE HONORABLE CHRISTOPHER G. BRADLEY, U.S. BANKRUPTCY JUDGE:

COMES NOW Drenner Group ("Drenner"), and files this its *First and Final Application of Drenner Group for the Allowance of Fees and Reimbursement of Expenses as Special Entitlements Counsel for the Debtor and Request for Payment of Same* (the "Application"), respectfully stating as follows:

## I. SUMMARY OF RELIEF REQUESTED

1. By this Application, Drenner requests the Court's allowance, on a final basis, of the fees and expenses incurred in its role as special entitlements counsel for the Debtor for the period of December 1, 2025, through and including June 4, 2026 (the "Subject Period"), as set forth more

fully on the invoices attached hereto as **Exhibit "A"** and incorporated herein by reference for all purposes. Drenner requests the final allowance of fees incurred during the Subject Period in the amount of $58,373.00 (the "Requested Fees"), with payment of all outstanding amounts authorized and directed in full. No expenses are sought for reimbursement. There remains an outstanding balance of $22,196.60 incurred by Drenner.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and the standing Western District of Texas Order of Reference of Bankruptcy Cases and Proceedings. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and a matter that arises exclusively under the provisions of the Bankruptcy Code, as to which the Court accordingly has the power consistent with the United States Constitution to enter a final order. The reorganized Debtor expressly consents to such a final disposition by this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 330 of Title 11 of the United States Code §§ 101 *et seq*. (as amended, the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016 of the Local Court Rules of the United States Bankruptcy Court for the Western District of Texas (the "Local Rules").

## III. BACKGROUND

4. On March 12, 2024 (the "Petition Date"), Panache Development and Construction, Inc. ("Panache") filed its *Involuntary Petition under Chapter 7*, which Panache subsequently amended on April 3, 2024 [Docket No. 5] (the "Involuntary Petition").

5. On April 29, 2024, the Debtor filed its *Answer to Involuntary Petition* [Docket No. 13] (the "Answer") and also filed its *Motion to Convert Chapter 7 Case to Chapter 11* [Docket No. 14] (the "Motion to Convert").

6. On September 9, 2024 (the "Relief Date"), the Court entered its *Agreed Order for Relief under Subchapter V of Chapter 11 of Title 11 of the United States Code* [Docket No. 28] (the "Order for Relief"), granting relief against the Debtor under Chapter 11, Subchapter V, of the Bankruptcy Code.

7. On November 13, 2024, the Court signed and entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses* [Docket No. 83] (the "ICP Order").

8. On November 17, 2025, the Debtor filed its *Application to Employ Drenner Group as Special Entitlements Counsel, Nunc Pro Tunc* [Docket No. 217] (the "Retention Application"), seeking to employ Drenner as special entitlements counsel for the Debtor. On December 9, 2025, the Court entered its *Agreed Order Approving Debtor's Application to Employ Drenner Group as Special Entitlements Counsel, Nunc Pro Tunc* [Docket No. 239] (the "Retention Order"), whereby the Debtor was authorized to retain and employ Drenner, effective nunc pro tunc as of November 17, 2025.

9. On March 23, 2026, Munsch Hardt, on behalf of Drenner, filed the *First Fee Summary of Drenner Group* [Docket No. 312] (the "First Fee Summary"). The First Fee Summary covered the period from December 1, 2025, through February 28, 2026, and sought compensation in the amount of $21,862.80 (80% of $27,328.50) on account of actual, reasonable and necessary professional services rendered as special entitlements counsel to the Debtor by Drenner.

10. On May 6, 2026, Munsch Hardt, on behalf of Drenner, filed the *Second Fee Summary of Drenner Group* [Docket No. 375] (the "Second Fee Summary"). The Second Fee Summary covered the period from March 1, 2026, through March 31, 2026, and sought compensation in the amount of $4,579.60 (80% of $5,724.50) on account of actual, reasonable and necessary professional services rendered to the Debtor by Drenner.

11. On May 27, 2026, Munsch Hardt, on behalf of Drenner, filed the *Third Fee Summary of Drenner Group* [Docket No. 396] (the "Third Fee Summary"). The Third Fee Summary covered the period from April 1, 2026, through April 30, 2026, and sought compensation in the amount of $9,733.60 (80% of $12,167.00) on account of actual, reasonable and necessary professional services rendered to the Debtor by Drenner.

12. On July 2, 2026, Munsch Hardt, on behalf of Drenner, filed the *Fourth Fee Summary of Drenner Group* [Docket No. 403] (the "Fourth Fee Summary"). The Fourth Fee Summary covered the period from May 1, 2026, through June 3, 2026, and sought compensation in the amount of $10,522.00 (80% of $13,152.50) on account of actual, reasonable and necessary professional services rendered to the Debtor by Drenner. As of the filing of this Application, Drenner has not been paid under the Fourth Fee Summary and seeks the payment of the full amount stated therein through this Application.

13. No objections were filed in response to the First through Fourth Fee Summaries, nor were any objections raised informally with either Drenner or Munsch Hardt. As of the date of this Application, Drenner has been paid $36,176.40 in fees pursuant to the First through Third Fee Summaries and the ICP Order.

## IV. BASIS FOR RELIEF REQUESTED

### A. STANDARD FOR ALLOWANCE OF FEES AND EXPENSES

14. Section 330(a) of the Bankruptcy Code provides:

> (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a . . . professional person employed under section 327 or 1103—
>
> > (A) reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
> >
> > (B) reimbursement for actual, necessary expenses . . . .
>
> (3) In determining the amount of reasonable compensation to be awarded . . . , the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> > (A) the time spent on such services;
> >
> > (B) the rates charged for such services;
> >
> > (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code];
> >
> > (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; . . . and
> >
> > (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

11 U.S.C. § 330(a).

15. In evaluating the reasonableness of fees requested under section 330, bankruptcy courts use the lodestar method, computed by multiplying the number of hours reasonably spent on the work by the prevailing hourly rate and then adjusted upward or downward based on certain factors, including those contained in section 330(a)(3). *Asarco, L.L.C. v. Jordan Hyden Womble Culbreth & Holzer, P.C. (In re Asarco, L.L.C.)*, 751 F.3d 291, 295 (5th Cir. 2014) (citations

omitted). The Fifth Circuit has held that "'if a fee applicant establishes that its services were "necessary to the administration" of a bankruptcy case or "reasonably likely to benefit" the bankruptcy estate "at the time at which [they were] rendered," then the services are compensable.'" *Edwards Family P'ship, LP v. Johnson (In re Cmty. Home Fin. Servs.)*, 990 F.3d 422, 427 (5th Cir. 2021) (quoting *Barron & Newburger, P.C. v. Tex. Skyline, Ltd. (In re Woerner)*, 783 F.3d 266, 276 (5th Cir. 2015)).

16. Here, application of any of the Bankruptcy Code's or the Fifth Circuit's factors support the allowance of the Requested Fees. As explained in detail above, and as listed in detail on **Exhibit "A**," Drenner's Requested Fees:

- are reasonable based on the hourly rates charged in relation to the local market and in relation to the rates charged by comparable professionals;
- are reasonable based on the experience and hourly rate of the professionals used, and given the level of complexity and breadth of issues involved in this case, there was no excessive approach in the utilization of skilled professionals;
- are reasonable based on the allocation of work and staffing of the representation, and the avoidance of duplication and unnecessary services;
- are reasonable based on the results produced;
- are beneficial because of the Debtor's opportunities for further development flexibility and entitlements value;
- represent actual time spent by Drenner on the representation, employing contemporaneous and detailed time entries in the process; and
- were incurred by persons skilled and experienced in their various fields of expertise and practice.

17. Therefore, based on the representations in this Application, **Exhibit "A"** hereto, the Court's own familiarity with the Bankruptcy Case and the proceedings therein, and on any

evidence presented at the hearing on this Application, Drenner believes that its Application, including its modest Requested Fees, should be fully allowed for prompt payment by the Debtor.

**B. RATES CHARGED FOR SERVICES AND THEIR CUSTOMARY NATURE**

18. Pursuant to Drenner's fee arrangement in the Retention Application, Drenner's fees have been determined on an hourly fee basis, utilizing the hourly rates customarily charged by Drenner to clients in other representations.

**C. REASONABLENESS OF FEES**

19. The Debtor selected Drenner as its special entitlements counsel because its professionals have substantial legal expertise in Texas real estate and land use/entitlements matters.

20. Drenner submits that its experience and expertise resulted in the efficient handling of tasks. The professional services rendered by Drenner described herein were necessary and appropriate for the Debtor to assess and maximize its entitlements and development options. The professional services were performed expeditiously and in an efficient manner, and without duplication of work. No prior application has been made in this or in any other court for the relief requested herein for this Subject Period.

**D. NECESSARY AND BENEFICIAL NATURE OF SERVICES**

21. Drenner submits that its efforts generally described herein have been both necessary and beneficial to the Debtor, its estate, creditors, and parties-in-interest, as well as to the administration of the Bankruptcy Case.

22. Drenner has performed due diligence and prepared an entitlements memorandum regarding the Debtor's Property and Project, and has conferred with and lobbied the City of Austin regarding the Debtor's entitlements and ability to be grandfathered into pre-existing development

regulations. Drenner continues to represent the Debtor in connection with the City of Austin regulatory proceeding (Cause No. AMC00597829A).

### E. Reasonableness of Time Spent and Constraints

23. Drenner spent only that time which it deemed necessary to accomplish the objectives of the Debtor and its estate in the Bankruptcy Case. At all times, Drenner has been mindful to reasonably minimize costs and avoid duplication of effort and submits that its total request for compensation and reimbursement is a reflection of these efforts.

### F. Expenses

24. Drenner incurred $0.00 in expenses during the Subject Period.

## V. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Drenner respectfully requests that the Bankruptcy Court enter an order: (i) granting this Application; (ii) approving and allowing the Requested Fees, on a final basis, in the amount of $58,373.00; (iii) authorizing and directing the reorganized Debtor to pay Drenner the outstanding unpaid balance of $22,196.60 on a final basis; and (iv) granting Drenner such other and further relief, at law or in equity, to which it may be justly entitled.

Dated: July 20, 2026

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas D. Berghman*

Thomas D. Berghman
Texas Bar No. 24082683
Jay H. Ong
Texas Bar No. 24028756
Jacob J. King
Texas Bar No. 24136951
1717 West 6th Street, Suite 250
Austin, Texas 78703
Telephone: (512) 391-6100
Facsimile: (512) 391-6149
E-mail: tberghman@munsch.com
jong@munsch.com
jking@munsch.com

***Counsel for RIC (Austin), LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on July 20, 2026, a true and correct copy of the foregoing document and all exhibits attached thereto was served by electronically filing the same with the Court using the Court's CM/ECF system, which sent notification to the parties receiving same through such system, and on the parties shown on the attached service list, via first-class U.S. Mail.[1]

*/s/ Thomas D. Berghman*
Thomas D. Berghman

[1] To save photocopying and postage expenses, Munsch Hardt is not serving Exhibit "A" on all parties to this bankruptcy case receiving notice (only) by U.S. mail. Any party wishing to obtain a copy of said Exhibit "A" may obtain one free of charge by contacting the undersigned counsel.

Label Matrix for local noticing
0542-1
Case 24-10264-cgb
Western District of Texas
Austin
Mon Jul 20 12:43:18 CDT 2026

RIC (Austin) LLC
c/o Gregory S. Milligan, CRO
8911 N. Capital of Texas Highway
Ste 2120
Austin, TX 78759-7200

U.S. BANKRUPTCY COURT
903 SAN JACINTO, SUITE 322
AUSTIN, TX 78701-2450

ACM Services, LLC
P.O. Box 1208
Taylor, TX 76574-6208

AFMN Investments, LLC
c/o Russ Horton
114 W 7th Street Ste 625
Austin, TX 78701-3010

AREM
PO Box 170191
Austin, TX 78717-0012

ATX Alarm Company
820 Marbella Vista Way
Leander, TX 78641-2505

Adam Zarafshani
625 Norwood Tower, 114 West 7th Street
Austin, TX 78701

Airco Mechanical Ltd.
PO Box 1598
Round Rock, TX 78680-1598

Airgas USA LLC
P.O. 1152
Tulsa, OK 74101-1152

Airgas USA, LLC
11111 N Lamar Blvd
Austin TX 78753-3058

Allied Sales Company
P.O. 6116
Austin, Texas 78762-6116

Angela VanDeWalle
8003 Weldon Springs Court
Austin, Texas 78726-4016

AquaLogic Water Consulting
16238 Highway 620 #F232
Austin TX 78717-5212

Armbrust & Brown, PLLC
100 Congress Avenue #1300
Austin, Texas 78701-2744

Assessment Technologies
40 NE Loop 410, Ste. 607
San Antonio, Texas 78216-5883

Austin CG Construction Services, Inc.
901 S Mopac Expressway, Ste. 410
Austin, Texas 78746-5776

Austin Glass & Mirror, Inc.
6308 Decker Lane
Austin, Texas 78724-5102

Austin Porta Potty Rentals
212 N Blue Ridge Pkwy
Cedar Park, TX 78613-3059

BTY US, LLC
2180 Satellite Boulevard, Ste. 400
Duluth, Georgia 30097-4927

Bates Backhoe, Inc.
P.O. 156
Hutto, Texas 78634-0156

Blu Fish Collaborative Inc.
P.O. Box 40792
Austin, TX 78704-0014

Bordan Ladner Gervais LLP
World Exchange Plaza, 100 Queen Street
Ottawa, Ontario K1P 1B1

Borden Ladner Gervais LLP
Suite 1900, 520 - 3 Avenue SW
Calgary, AB T2P 0R3
E-mail: kbarr@blg.com
E-mail: kawoods@blg.com

Bryan Cave Leighton Paisner LLP
P.O. 503089
St. Louis, Missouri 63150-3089

Byrne Byrne & Company
217 N Jefferson St Suite #450
Chicago, IL 60661-1316

C & C Restoration Services, Inc.
307 E Walnut St.
Hillsboro TX 76645-3332

C Kyle Pugh PC
4015 Main Street, Ste. 100
Dallas, Texas 75226-1231

CNA Insurance
PO Box 74007619
Chicago IL 60674-7619

CT Corporation
P.O. 4349
Carol Stream, Illinois 60197-4349

Chaparral Professional Land Surveying
5725 W Hwy 290, Suite 103
Austin TX 78735-8722

Christina Brinch Clark
# W 122nd Street, Apt 2A
New York, New York 10027

(p)CITY OF AUSTIN AUSTIN ENERGY
ATTN COLLECTIONS DEPARTMENT
4815 MUELLER BLVD
AUSTIN TX 78723-3573

City of Austin Law Department
Attn: Sara Schaefer
301 W. 2nd St.
P.O. 1088
Austin, TX 78767-1088

Coster Realty Information Inc.
2563 Collection Center Drive
Chicago, Illinois 60693-0025

D & G Tree and Landscaping Services
309 Amanecer Dr
Lockhart TX 78644-2065

D and D Specialty Services, LLC
721 W.Briarwood Dr.
Brenham, TX 77833-6543

Days End Lawn Sprinkler
P.O. Box 5893
Austin, TX 78763-5893

Doucet & Associates, Inc.
7401 B Highway 71 West, Suite 160
Austin, TX 78735-8201

EFI Global, Inc.
500 Sandau Road, Ste. 300
San Antonio, Texas 78216-3636

Elm Developments Corp.
1931 Highway 7
Concord ON L4K 1V5

Ferguson Enterprises LLC
P.O. 847411
Dallas, Texas 75284-7411

(p)FIRST INSURANCE FUNDING
450 SKOKIE BLVD SUITE 1000
NORTHBROOK IL 60062-7917

Foley & Lardner LLP
P.O. 78470
Milwaukee, Wisconsin 53278-8470

GSC Architects
3100 Alvin DeVane Boulevard, Building A,
Austin, Texas 78741-7406

GSC Architects
3100 Alvin Devane Boulevard, Suite 200-b
Austin, TX 78741-7406

GeoSolutions
7011 West Bee Cave Rd.
Austin TX 78746-5011

Glass.com of Illinois
910 S. Riverside Dr., Ste. 4
Elmhurst, IL 60126-4979

Grass Works Lawn Care
11318 Trails End Rd.
Leander TX 78641-5843

H2MG
8000 I-10 #1002
San Antonio, Texas 78230-4449

HMG & Associates, Inc.
12515 Research Blvd., Te 7-140
Austin, TX 78759-2228

Hilco Real Estate Apraisal, LLC
5 Revere Drive, Ste. 300
Northbrook, Illinois 60062-8014

Hill Country Electric Supply
P.O. 577
San Antonio, Texas 78292-0577

Hoang Willis
709 Stevenage Drive
Pflugerville, Texas 78660-8062

Inglewood
9242 Headlands Road
Mentor, Ohio 44060-1026

Kilgore Industries, LP
10050 Houston Oaks Drive
Houston, TX 77064-3520

Koetter Fire Protection
16069 Central Commerce Drive
Pflugerville TX 78660-2005

L&W Supply
503 Industrial Boulevard
Austin, Texas 78745-1210

Law Office of Terrence L. Irion
15113 Bat Hawk Circle
Austin, Texas 78738-6862

Lawrence Group
319 N. 4th Street, Ste. 1000
St. Louis, Missouri 63102-1937

MJ Structures, PLLC
3005 S Lamar Blvd #D109 #467
Austin TX 78704-8864

MNP LTD
1500, 640 - 5th Avenue SW
Calgary, Alberta

McCord Engineering, Inc.
916 Southwest Parkway East
College Station, TX 77840-4018

(p)MCMINN LAND SURVEYING COMPANY CORP
4008 GREENMOUNTIAN LN
AUSTIN TX 78759-7570

Michel Gray & Rogers
824 W 10th Street, Ste. 101
Austin, Texas 78701-2039

Mint Engineering
107 RR 620 South, Ste. 350
Austin, Texas 78734-3980

Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St., Suite 4000
Dallas TX 75201-6605

Nathan Olson
11308 Wet Season Drive
Austin, Texas 78754-5855

Nuveen Green Capital
19 Old Kings Highway South, Ste. 210
Darien, Connecticut 06820-4532

O&L Development Corp.
1931 Highway 7
Concord, Ontario L4k 1V5

Office of U.S. Trustee
903 San Jacinto Blvd. #230
Austin, TX 78701-2450

Osler, Hoskin & Harcourt LLP
225-6th Avenue SW, Ste. 2700
Calgary, Alberta T2P 1N2

PLC Group
2701 S County Road 1180
Midland, Texas 79706-4032

PRO VIGIL
P.O. 26539
Austin, Texas 78755-0539

Panache Development & Construction Inc
Chapman Negrete PLLC
c/o Jeffrey S. Chapman
3410 Far West Blvd #210
Austin TX 78731-3273

Panache Development & Construction, Inc.
P.O. 26539
Austin, Texas 78755-0539

Panache Development and Construction Inc
901 S Mopac Expy Bldg 1 #300
Austin TX 78746-5883

Plan M Advisory Services
3876 Vandorf Sideroad
Stouffville, ON, L4A 4K3

Power Labor Staffing LLC
206 W Main Street
Round Rock, Texas 78664-5811

Pro-Vigil Inc
P.O. BOX 677107
Dallas, TX 75267-7107

Quiddity
3100 Alvin Devane Blvd, Suite 150
Austin Texas 78741-7409

RCLCO Real Estate Consulting
7200 Wisconsin Avenue, Ste. 1110
Bethesda, Maryland 20814-4800

RIC (Austin), LLC
1717 West 6th Street, Suite 250
Austin, TX 78703-4777

RIC (Austin), LLC
c/o Gregory S. Milligan
8911 N. Capital of Texas Highway, Ste. 2
Austin, TX 78759-7247

Ranger Security Agency, LLP
1258 Chad Dr.
Round Rock, TX 78665-2038

ResolveDesigns LLC
120 Saint Richie Lane
Austin, Texas 78737-4612

Richard Rodrigues and Skeith LLP
611 W 15th Street
Austin, TX 78701-1513

Romspen Mortgage LP
c/o Kyle S Hirsch
Bryan Cave Leighton Paisner LLP
2200 Ross Ave #4200W
Dallas TX 75201-2763

Romspen Mortgage Limited Partnership
Two North Central Ave #2100
Phoenix AZ 85004-4533

SCI Engineering Inc
130 Point West Boulevard
St. Charles, Missouri 63301-4408

Safeguard Business Systems Limited
330 Cranston Crescent
Midland, Ontario L4R 4V9

Safeguard Print and Promo
330 Cranston Crescent
Midland, ON L4R 4V9

Sara Schaefer
301 W 2nd Street
Austin, Texas 78701-4652

Shermco Industries Inc.
2425 East Pioneer Dr.
Irving TX 75061-8919

Snow Environmental Solutions, LLC
1375 Braided Rope Drive
Austin Texas 78727-4630

Spaseco Inc.
9575 W. Higgins Road, Suite 700
Rosemont, IL 60018-4998

Spectrum Business
PO Box 60074
City of Industry, CA 91716-0074

Sprouse Shrader Smith
805 Las Cimas Pkwy, Ste. 350
Austin, Texas 78746-6177

Structures PE LLP
4408 Burnet Road
Austin, Texas 78756-3319

StructuresPE, LLP
4315 Guadalupe St, Ste 301
Austin, TX 78751-3644

Summer Legacy, LLC
108 Wild Basin, Ste. 250
Austin, Texas 78746-3468

(p)SUNSTATE EQUIPMENT CO LLC
ATTN CREDIT LEGAL
5552 E WASHINGTON
PHOENIX AZ 85034-2134

Texas Air Industries Inc.
1 Chisholm Trail Road, Ste. 400
Round Rock, Texas 78681-5039

Texas Disposal Systems
PO Box 674080
Dallas TX 75267-4080

Texas Gas Service
PO Box 219913
Kansas City, MO 64121-9913

The Bug Master
1912 Smith Rd,
Austin, TX 78721-3547

The Chapman Firm
3410 Far West Boulevard, Ste. 210
Austin, Texas 78731-3273

The Davey Tree Expert Company
P.O. Box 94532
Cleveland OH 44101-4532

The Montgomery Design Consultancy LLC
PO Box 300939
Austin TX 78703-0016

Traffic Impact Group LLC
165 Sabal Palm Drive, Ste. 141
Longwood, Florida 32779-2591

Travis County Tax Office
PO Box 149328
Austin, TX 78714-9328

Travis County c/o Jason A. Starks
PO Box 1748
Austin, Texas 78767-1748

(p)INTSEL STEEL
ATTN LORI DOYLE
11310 WEST LITTLE YORK
HOUSTON TX 77041-4917

United States Trustee - AU12
United States Trustee
903 San Jacinto Blvd, Suite 230
Austin, TX 78701-2450

Vesta Texas, LLC
2901 Via Fortuna Bldg 6, Suite 450
Austin, TX 78746-0007

Victor Saucedo
5501 Night Chinook Drive
Buda, Texas 78610

Ware Malcomb
Accounts Receivable, 10 Edelman
Irvine, CA 92618-4312

Waste Connections Lone Star Inc.
PO Box 17608
Austin, TX 78760-7608

Winstead PC
2728 N. Harwood St., Suite 500
Dallas, TX 75201-1743

Witten LLP
10303 Jasper Avenue
Edmonton, Alberta T5J 3N6

Wylie Engineering
1 Greenway Plaza, Suite 1100
Houston TX 77046-0104

Yareht Abigial Ruvalcaba Hernandez
6531 County Road 110, Apt 132
Round Rock, Texas 78665-1628

Eric Terry
Eric Terry Law, PLLC
3511 Broadway
San Antonio, TX 78209-6513

Jacob J King
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St.
Dallas, TX 75201-3302

Jay Ong
Munsch Hardt Kopf & Harr, P.C.
1717 West 6th St #250
Austin, TX 78703-4777

Jonathan Petree
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street #4000
Dallas, TX 75201-6605

Thomas D. Berghman
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St. #3800
Dallas, TX 75201-6659

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

City of Austin
PO Box 2267
Austin TX 78783-2267

First Insurance Funding
450 Skokle Blvd., Ste 1000
Northbrook, IL 60062-7917

McMinn Land Surveying Company
4008 Greenmountain Lane
Austin, TX 78759

Sunstate Equipment Co.
5552 East Washington Street
Phoenix, Arizona 85072

Triple S Steel
2042 West Thompson Place
San Antonio, Texas 78226

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)CG Construction Services, Inc.
c/o Vickie L. Driver
Driver Stephenson, PLLC
13155 Noel Road
Suite 900
Dallas, Texas75240

(u)Safeguard Business Systems Limited
Lockbox T57624C
PO Box 57624 #A

(u)Summer Legacy, LLC
c/o Vickie L. Driver
Driver Stephenson, PLLC
13155 Noel Road
Suite 900
Dallas, Texas75240

(u)Texas Air Industries
c/o Vickie L. Driver
Driver Stephenson, PLLC
13155 Noel Road
Suite 900
Dallas, Texas75240

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 126 |
| Bypassed recipients | 4 |
| Total | 130 |